Nicholas De Peyster, as Executor and Trustee, etc., Appellant, *v.* Henry W. T. Mali et al., Respondents.

> In an action brought under the provision of the act of 1813 (§ 184, chap. 86, Laws of 1813), authorizing a person entitled to an award of the commissioners of estimate and assessment in the city of New York to bring an action against any other person to whom the same has been paid to recover the same, it is no defense that the award was excessive or inequitable, or that plaintiff was entitled to only nominal damages while the commissioners awarded substantial damages. The award, as to this, is "final and conclusive" (§ 178), and it is sufficient for the plaintiff to show that the award was made for lands owned by him and so that he was entitled to it.

*De Peyster* v. *Mali* (27 Hun, 439), reversed

(Argued March 29, 1883 ; decided April 17, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 30, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury. (Reported below, 27 Hun, 439.)

This action was brought under the act chapter 86, Laws of 1813 (§ 184), to recover from defendants certain awards, made by the commissioners of estimate and assessment in the city of New York, which awards were made to Henry W. T. Mali, now deceased, and were paid by the city to his heirs, the defendants herein.

The material facts are stated in the opinion.

*James A. Deering* for appellant. If this plaintiff was, at the time of the confirmation of the report of the commissioners of estimate and assessment, the owner of the parcels of land in question, he can maintain this action. (Laws of 1813, chap. 86, § 184 ; *Cahill* v. *Palmer*, 45 N. Y. 480; *In re Arnold*, 60 id. 26.) The report of the commissioners of estimate and assessment, awarding the sums in question, was an adjudication conclusive upon the parties to this action, and upon "all per-

sons whomsoever," as to the interests and estate for which said awards were made, and upon every question submitted to or decided by the commissioners or the court, or necessarily involved in the decision of the court confirming the report, except as to the ownership of the land for which the awards were made. (Laws of 1813, chap. 86, § 178; *Matter of Riverside Park*, 50 N. Y. 493; *Matter of Dept. of Parks*, 73 id. 560; *Pittman* v. *The Mayor*, 3 Hun, 372; 62 N. Y. 237; *Dolan* v. *The Mayor*, id. 742; *In re Arnold*, 60 id. 26; *Swift* v. *Poughkeepsie*, 37 id. 511; *People* v. *Collins*, 19 Wend. 56; *Supervisors* v. *Briggs*, 2 Hill, 135.) The report, as confirmed, is not only final and conclusive as to the subject-matter or matters thereby determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. (*Voorhees* v. *Bank of U. S.*, 10 Pet. 449; *La Goun* v. *Gouverneur*, 1 Johns. Cas. 436; 2 Smith's Lead. Cas., tit. "Estoppel," 455, note; *Etheringe* v. *Osborne*, 12 Wend. 399; 63 N. Y. 472; 50 id. 493; *In re Dept. of Public Parks*, 73 id. 560.) The report being conclusive as to the estate, etc., for which the awards were made, the awards in question belong to the owner of the fee of the land for which made. (*In re Dept. of Works*, 73 N. Y. 560; *Trinity Church* v. *Cooke*, 21 How. 89; *Turner* v. *Williams*, 10 Wend. 140; *Gillespie* v. *The Mayor*, 23 id. 645; *Kelsey* v. *King*, 33 How. Pr. 40; Laws relative to New York city, Valentine, 1197; *Matter of Dept. of Parks*, 73 N. Y. 560.) The commissioners of estimate and assessment in the Riverside park opening matter were right in allowing substantial compensation for the fee. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Trustees* v. *Auburn R. R. Co.*, 3 Hill, 567; *Kelsey* v. *King*, 33 How. Pr. 39; *Knox* v. *The Mayor*, 55 Barb. 404; *Matter of Prospect Park & C. I. R. R. Co.*, 16 Hun, 261; Laws of 1838, chap. 223; Laws of 1847, chap. 203; Laws of 1851, chap. 183.) The plaintiff, as executor, etc., was at the time of confirmation of the report the owner in fee of the said parcel of land. (19 Wend. 679; *Jackson* v. *Hathaway*, 15 Johns. 453; *Van Amringe* v. *Barnett*, 8 Bosw.

357; *In re John & Cherry St's*, 19 Wend. 659; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97, 101; *Hooker* v. *Utica, etc.*, 12 Wend. 371; *Trustees, etc.*, v. *Auburn R. R. Co.*, 3 Hill, 567; *Pearsall* v. *Post*, 20 Wend. 131; *Barclay* v. *Howell's Lessee*, 6 Peters, 498; *People* v. *B'd of Westchester*, 4 Barb. 64; *Etz* v. *Daily*, 20 id. 32; *Kelsey* v. *King*, 33 How. 39; *Higgins* v. *Reynolds*, 31 N. Y. 151; *Bloomfield Gas Co.* v. *Kalkins*, 62 id. 386.) The city and " all persons whomsoever" are concluded by that adjudication. (*Matter of Dept. of Parks*, 73 N. Y. 560.) Acceptance by the council was necessary to complete the dedication by the owners. (*Niagara Co.* v. *Bachman*, 66 N. Y. 266; *Badum* v. *Mead*, 14 Barb. 328; *Fonda* v. *Borst*, 2 Abb. Ct. of App. 155; *Holdam* v. *Coldspring*, 21 N. Y. 474; *Peck* v. *Mallins*, 10 id. 509.) The "release," in any event, only granted an easement in such land, and not the fee. (*Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407; *Cincinnati* v. *Lessee of White*, 6 Pet. 438; *Merriam* v. *Russell*, 2 Jones [N. C.], 470; *Schuylkill Co.* v. *Homer*, 2 Grant's Pa. Cas. 462; *Pollard* v. *Maddox*, 28 Ala. 321; *Jackson* v. *Hathaway*, 15 Johns. 147; *Jamaica Pond* v. *Chandler*, 9 Allen, 164; *Graves* v. *Amoskeag Co.*, 44 N. H. 465; *Leavitt* v. *Towle*, 8 id. 99; *Dubuque* v. *Benson*, 23 Iowa, 248; *Gedney* v. *Earl*, 12 Wend. 98; *People* v. *Kerr*, 27 N. Y. 188; *Merriam* v. *Russell*, 2 Jones [N. C. Eq.], 470; *Rogers* v. *Storer*, 24 Penn. St. 186; *Schuylkill Co.* v. *Stoever*, 2 Grant's Pa. Cas. 462; *Clark* v. *Cottrell*, 63 Barb. 336.) A reservation in a grant of "a road" or "highway" reserves simply an easement. (*Leavitt* v. *Towle*, 8 N. Y. 96; *Richardson* v. *Palmer*, 38 N. H. 210; *Graves* v. *Amoskeag Co.*, 44 id. 462; *Keeler* v. *Wood*, 30 Vt. 242.) The release as a grant is void for uncertainty, unless the description of land and estate conveyed is that contended for above. (*Peck* v. *Mallins*, 10 N. Y. 509; *U. S.* v. *King*, 3 How. 773; *Jackson* v. *Parkhurst*, 4 Wend. 369.) A grant by the side of a street or road conveys to such side only. No part of the street or road passes. The land in the road-bed remains in the grantor. (*Jackson* v. *Hathaway*, 15 Johns. 449; *Jones* v. *Cowman*, 2 Sandf. 233; *Wet-*

*more* v. *Law*, 34 Barb. 515; *Van Amringe* v. *Barnett*, 8 Bosw. 367; *Anderson* v. *James*, 4 Robt. 35; *Costers* v. *Peters*, 5 id. 192; *Sherman* v. *McKeon*, 38 N. Y. 266; *Wallace* v. *Fee*, 50 id. 694; *Fearing* v. *Irwin*, 4 Daly, 385; *English* v. *Brennan*, 60 N. Y. 609; *White's B'k* v. *Nichols*, 64 id. 65; *Mott* v. *Mott*, 68 id. 246; *Patten* v. *N. Y. E. R. R.*, 3 Abb. N. C. 341; *In re Dept. of Parks*, 73 N. Y. 560; *Kings Co. F. Ins. Co.* v. *Stevens*, 87 id. 287; *Burnett* v. *Wadsworth*, 67 id. 634; *Jackson* v. *Loomis*, 18 Johns. 86; *Loomis* v. *Jackson*, 19 id. 449; *Haynes* v. *Young*, 36 Me. 557; *Gans* v. *Aldridge*, 27 Md. 294; *Thorndyke* v. *Richards*, 12 Me. 430; *McGowen* v. *Lewis*, 26 N. J. L. 451; *Smith* v. *Strong*, 14 Pick. 128; *Sherman* v. *McKeon*, 38 N. Y. 272; *Whitney* v. *Dewey*, 18 Pick. 353; *Chaplin* v. *Sword*, 7 Watts, 710; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y.; *Perrin* v. *Same*, 36 id. 120; *Sizer* v. *Devereux*, 16 Barb. 160; *Jones* v. *Cowman*, 2 Sandf. 233; *Van Amringe* v. *Barnett*, 8 Bosw. 367; *Costers* v. *Peters*, 5 Robt. 192; *Wallace* v. *Fee*, 50 N. Y. 694; *Fearin* v. *Irwin*, 4 Daly, 385; *White's B'k* v. *Nicholls*, 64 N. Y. 65; *Mott* v. *Mott*, 68 id. 246.) The land in the Bloomingdale road in front of " the lots conveyed" did not pass as an " appurtenance." (*Jackson* v. *Hathaway*, 15 Johns. 453; *Harris* v. *Elliott*, 10 Pet. 25; *Sherman* v. *McKeon*, 38 N. Y. 270; *Ogden* v. *Jennings*, 62 id. 526; *Woodhull* v. *Rosenthall*, 61 id. 382; *Otis* v. *Smith*, 9 Pick. 293; 19 Wend. 679; 15 Johns. 452; Laws of 1867, chap. 697, § 3; *Jackson* v. *Hathaway*, 15 Johns. 453; *Wheeler* v. *Clark*, 58 N. Y. 271.) Purchases since 1807 must be assumed to have been made with knowledge of the law regulating the extent of the easement in the highway and subject to its exercise, the effect of which would be to give the owner of the land in the road-bed the right to take absolute possession thereof upon its closing. (*Underwood* v. *Stuyvesant*, 19 Johns. 181; *Grinnell* v. *Kirtland*, 3 Abb. N. C. 386.) In the city of New York no private rights of way or streets or roads can be created by owners of land. (Laws of 1799, chap. 70, pp. 733, 737; re-enacted in 1803, 3 Webster's Laws, 232; made perpetual in 1806, 4 id. 575, § 6; Laws of 1807, chap. 115, § 1; Laws of 1867, chap.

697; *Underwood* v. *Stuyvesant,* 19 Johns. 181; *Grinnell* v. *Kirtland,* 2 Abb. N. C. 386.) To create an easement or right of way in such case, there should be a grant in express terms. (*Wheeler* v. *Clark,* 58 N. Y. 267; *Jackson* v. *Hathaway,* 15 Johns. 449; *Matter of John* v. *Anthony St.,* 19 Wend. 659; *Fearing* v. *Irwin,* 4 Daly, 385; *In re Albany St.,* 11 Wend. 149; *Bloodgood* v. *M. & H. R. R. Co.,* 14 id. 51; *Varick* v. *Smith,* 5 Paige, 137; *Robinson* v. *S. R. R. Co.,* 3 id. 45; *Taylor* v. *Porter,* 4 Hill, 140.)

*Franklin Bartlett* for respondents. The plaintiff, in order to maintain his action, was bound to show that he was the person to whom the awards of right belonged, and to whom they ought to have been paid. (2 Revised Laws of 1813, p. 419; *De Peyster* v. *Mali,* 27 Hun, 440, 445, 446; *Fisher* v. *The Mayor,* 57 N. Y. 344, 349; *Spears* v. *Mayor, etc., of N. Y.,* 87 id. 359, 373.) The plaintiff was not entitled to any substantial award on the land in question, as it had been previously appropriated for the purposes and uses of a public highway. (*Cook* v. *Harris,* 61 N. Y. 448; *Matter of the Comm'rs of Central Park,* 54 How. Pr. 314; *Matter of Barclay,* Daily Register of March 19, 1883.) The grantee's easement, which had become appurtenant to the land, rendered the naked fee of merely nominal value. (*Matter of Dep't of Public Works to open Sixty-Seventh St.,* opinion by DANIELS, J.; *Matter of Opening* 156*th,* 157*th,* 158*th and* 159*th Sts.,* May, 1879; *White's B'k of Buffalo* v. *Nichols,* 64 N. Y. 65, 73; *Matter of Opening Eleventh Avenue,* 81 N. Y. 457.) The plaintiff was entitled to no substantial award for the fee, because the Bloomingdale road at this point was not closed or abandoned under the act of 1867, but was retained as preserved, enlarged and continued under the name of the Riverside drive or avenue. (*Matter of Comm'rs of Central Park,* 54 How. 313; *People* v. *Asten,* MSS. op. BARRETT, J., First Dep't, Gen. Term.) The confirmation of a report of commissioners of estimate and assessment should not be held conclusive against a party to whom an award of money is made

by name in such a way as to estop him from interposing any defense in an action by a third party. (2 Revised Laws of 1813, 413, 414; *Matter of the Opening of Eleventh Avenue,* 81 N. Y. 436, 447, 448; 49 id. 154.) The proper distribution or apportionment of an award is not a question which can be litigated before the confirmation of the commissioners' report by the Supreme Court. (*Matter of Dep't of Public Parks,* 85 N. Y. 463; *Matter of Dep't of Parks,* 73 id. 564; *Matter of the Opening of Eleventh Avenue,* 81 id. 436, 443; *Fisher* v. *The Mayor, etc.,* 57 id. 344, 350; *Matter of Lange,* 85 id. 310; *Spears* v. *The Mayor,* 87 id. 376.) Under the name "owner," in the report of the commissioners, every person entitled to compensation is to be recognized. (Mills' Eminent Domain, § 65; *Matter of Eleventh Ave.,* 81 N. Y. 448; *Barnes* v. *The Mayor, etc.,* 27 Hun, 236, 238, 239; *Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 489, 490; *Riggs* v. *Pursell,* 74 id. 370, 379.)

EARL, J.   Under and pursuant to the provisions of the act chapter 697of the Laws of 1867, the board of commissioners of the Central park laid out and established the Riverside drive, and also the Riverside park adjoining the same. The land taken for the park was owned in fee by the heirs of Henry W. T. Mali, and was bounded on the east by the westerly line of the Bloomingdale road. The plaintiff owned in fee the land in the westerly half of the Bloomingdale road, which land was subject to a perpetual easement for the public road and a private easement for the owners of the abutting land; and the Riverside drive was laid out in such road and took the place thereof, and the land thereof was appropriated for the same.

The commissioners of estimates and assessments awarded to the heirs of Mali for their abutting land upward of $160,000, and for the westerly half of the Bloomingdale road opposite to their land in two awards, $6,634. The latter awards were for the fee of the land in the road, were made to the heirs of Mali as the owners thereof, were confirmed and afterward paid

by the city to the defendants. This action was brought to recover of the defendants the money so paid, and whether the plaintiff, upon the facts found, was entitled to recover the same is the sole question for our determination.

It is too clear for dispute that the defendants had no right whatever to these awards. They had an easement in the Bloomingdale road in front of their lot for use as abutting owners. But their easement was not taken. The road was not closed, but remained open as the Riverside drive, with undiminished usefulness as a highway; and as their abutting land was taken for the Riverside park, this easement went with that as appurtenant thereto, and they ceased to have any private interest in the road.' And such was the view of the judge at Special Term, who said in his opinion: " It is quite evident that the persons who received the awards in controversy had no right to them, for the reason that they had no interest whatever in the title to the land included within the bounds of the highway ; and any possible right or interest they might have in the enjoyment of the highway itself was in no sense restricted or diminished by its incorporation within the bounds of the Riverside drive." But he held that as the plaintiff's fee in the land was subject to a perpetual easement for the highway, he was entitled to only nominal damages from the city, and that, therefore, he was not justly and equitably or of right entitled to the awards, and upon that ground he defeated the plaintiff.

By section 178 of chapter 86 of the Laws of 1813, it is provided that the award of the commissioners of estimates and assessments, when confirmed, " shall be final and conclusive as well upon the said mayor, aldermen and commonalty of the city of New York as upon the owners, lessees, persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report, and also upon all other persons whomsoever." Under this provision, while these awards were undoubtedly excessive, they were final and conclusive, and this is so even if we must assume that they should have been but for nominal damages,

and that the commissioners and the Supreme Court, when it confirmed their report, mistook both the law and the facts applicable to the case, and so it has frequently been decided. (*Matter of Commissioners of Central Park*, 50 N. Y. 493; *Dolan* v. *The Mayor*, 62 id. 472; *Matter of the Department of Parks*, 73 id. 560.) If, therefore, the city had been sued for the awards before their payment, it could not have resisted a recovery for the whole amount thereof. But it voluntarily paid to the defendants, and they received, the awards made for the plaintiff's land, and hence this is a case where the plaintiff is entitled to recover the amount of the money thus paid from the defendants, under section 184 of the same chapter, which provides that in every case where any sum awarded by the commissioners in favor of "any person or persons, or party or parties whatsoever, whether named or not named in the said report, shall be paid to any person or persons, or party or parties whomsoever, when the same shall of right belong and ought to have been paid to some other person or persons, or party or parties, it shall be lawful for the person or persons, or party or parties, to whom the same ought to have been paid, to sue for and recover the same, with lawful interest and costs of suit, as so much money had and received to his, her or their use, by the person or persons, party or parties respectively, to whom the same shall have been so paid." Under this provision to whom of right did these awards belong? Clearly to the plaintiff. They were made for his land, and so long as the awards remained in force the city could not dispute that the amounts awarded were just and proper; and the defendants who received the awards from the city certainly could not claim when sued for them that they were excessive or inequitable, or that the plaintiff was entitled to only nominal damages where the commissioners had awarded substantial damages. Whether the awards were just or unjust, too large or too small, was a matter of no concern to them. They held the precise money awarded for plaintiff's land and were bound to refund it to him as money they had received to his use. (*Cahill* v. *Palmer*, 45 N.Y. 480.) It was sufficient for him to show that

the awards were made for land owned by him, and that entitled him to the money paid for them.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.