In re DECATUR AVE.

(Supreme Court, Appellate Division, First Department.   March 25, 1898.)

EMINENT DOMAIN—AWARD—DISTRIBUTION.

An award was made to unknown owners for a lot of land taken for public purposes, and was claimed by the owner of the fee, subject to an easement that the property should be kept open as a street, and also by the person in whom that easement was vested.  Upon appeal by the former from an order confirming the report of a referee distributing the award between them, *held*, that the fact that the award was made to "owners" did not preclude the owner of the easement from claiming a share, as the interests of both claimants together constituted the ownership.

Appeal from special term, New York county.

In the matter of the application of the board of street opening and improvement relative to acquiring title to Decatur avenue, from Brookline street to Mosholu Parkway.  From an order confirming the report of the referee distributing an award to unknown owners of property taken, Cornelius B. Schuyler appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

James C. De La Mare, for appellant.

C. Donohue, for respondent.

INGRAHAM, J.   An award was made to unknown owners for a lot of land taken in this proceeding, and this award was claimed by Cornelius B. Schuyler, as the owner of the fee, and also by Henry D. Purroy, as owner of an easement to which the land taken was appurtenant.   The amount of the award was paid into court, and a referee was appointed to take proof as to the right of the claimants to the award.   That referee reported that Schuyler was the owner of the fee of the premises, subject to an easement that the property should be kept open as a street vested in Purroy, and that the value of Schuyler's interest, as owner of the fee subject to the easement, was $75, and that the value of the easement vested in Purroy was the balance of the amount awarded for the property, being $482.66. This report was confirmed, and from the order of confirmation Schuyler appealed.

The only point made by the appellant is that, the award of the commissioners having been made to the owner of the land, that was a binding adjudication that a person who owned an easement to which the land was subject had no right to the award; and the appellant cites, in support of this conclusion, In re Public Parks, 73 N. Y. 561.   That case simply decided that, when an award had been made to unknown owners of land, the owners were entitled to the award, and that, when they were ascertained, they were entitled to the money, just as if they had been known, and the award had been made to them by name, and that the city of New York had no right to retain such an award.   That case did not attempt to decide that where one person was the owner of the fee, and another person the owner of an easement to which the land taken was subservient, those persons together did not own the land, but that the whole award

must be paid to the owner of the fee. It is quite apparent that
two or more persons may have an interest in land which, taken to-
gether, would constitute an ownership of the land; and whether
they are entitled as tenants in common to the fee of the land, or
one is the owner of the fee, while the other of an estate, either for
life or for years, or an easement to which the land is subservient,
they together are the owners of the land, and are entitled to the fund,
which stands in place of the land according to their respective in-
terests. It was so expressly decided in Re Opening of Eleventh
Ave., 81 N. Y. 443.

No objection is taken by the appellant to the distribution of the
fund if Purroy was entitled to a share in it; and we think the order
was clearly right, and should be affirmed, with $10 costs and dis-
bursements. All concur.