(40 App. Div. 519.)

### In re OPENING OF BROOK AVE.

### BAXTER v. SCHWEIZER.

(Supreme Court, Appellate Division, First Department.    May 19, 1899.)

1. EASEMENTS—WHEN IMPLIED.
   Whether a grant of an easement arises from implication in a grant of real estate depends on the intent of the parties, to be determined from the circumstances attending the transaction, the situation of the parties, the state of the country, and the state of the thing granted.

2. SAME.
   An avenue was laid out on the map of a city, but was not an existing street, no steps having been taken to condemn the property or to open the avenue for use as a public street. Afterwards, a lot on which was a building was conveyed to S. by a description naming said avenue as one of the boundaries. The lot fronted on another street, which gave access to it, and there was no covenant, express or by implication, that the grantor would dedicate or appropriate lands for the avenue laid out. *Held*, that there was no implied easement giving the grantee the right to any present use of the land of the avenue, and that the only easement obtained was the right to abut on the avenue when it should be opened by the authorities as a public street.

3. EMINENT DOMAIN—RIGHT TO COMPENSATION.
   The grantee has no interest in an award to unknown owners, when the land is condemned by the city for an avenue.

Appeal from special term, New York county.

In the matter of the opening of Brook avenue.    From an order confirming the report of a referee, directing the payment of an award to Mary A. Baxter, Bernhard Schweizer appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

J. A. Flannery, for appellant.

B. E. V. McCarty, for respondent.

INGRAHAM, J.    This is an appeal from an order confirming the report of a referee directing the payment to the respondent of an award made to unknown owners for a plot of ground taken by the city of New York for Brook avenue.    The award was made for lot No. 73 on the damage map.    There are two questions presented upon this appeal:    First, whether the appellant acquired an easement in lot No. 73 on the damage map; second, if he had acquired such an easement, whether such easement was taken in this proceeding so as to entitle him to any portion of the award made to unknown owners for the property which was taken.

The facts show that one Frank L. Eldridge owned the piece of land which included the premises owned, respectively, by the appellant and respondent, and that the lot No. 73 on the damage map in question fronted upon a public road or highway called "Railroad Avenue." Prior to the date of the deeds hereinafter mentioned, Brook avenue had been laid out on the map of the city, but was not an existing road or street, and no steps had been taken either to condemn the property or to open the avenue for use as a public street.    This being the situation, Eldridge and his wife conveyed to the appellant a lot of land,

upon which a building had been erected, by a description which commenced at a point on the northwesterly side of the Harlem Railroad, distant 192 feet, along the boundary line of said railroad southwesterly from the southwesterly boundary line of Bathgate Farm, as laid down on said map; running thence southwesterly, along said railroad line, 25 feet; thence northwesterly, on a line parallel with the said boundary line of the Bathgate Farm, 100 feet, more or less, to the southeasterly side or line of Brook avenue, as laid out by the department of public parks of the city of New York; thence northeasterly, along said southeasterly side of Brook avenue, 25 feet; and thence southeasterly, and parallel with the said boundary line of said Bathgate Farm, 100 feet, more or less, to the boundary line of the said railroad, at the point and place of beginning. The appellant, by a formal stipulation upon the trial, conceded, and upon this appeal concedes, that by this conveyance no portion of the fee of Brook avenue vested in him. He claims, however, that he is entitled to an easement in the strip of land laid out upon the map of the city as Brook avenue.

It is a little difficult to see just what easement could be implied by this grant, under the circumstances existing at the time of the execution and delivery of the conveyance. The land conveyed to the appellant fronted upon Railroad avenue, a public street, from which he had access to the property conveyed. Its boundary line extended westerly to the southeasterly line or side of a piece of land laid out as an avenue, but which had never been opened or used as a highway or private way, and which could afford the appellant no means of access to his property. It never having been dedicated as a public street, it might never be opened as such. It is true that the city of New York had laid out an avenue to be opened in the future, when the public interest should require it, but it was not obligatory upon the city to open this avenue. Certainly, the grantor would be under no obligation to apply his property in the bed of Brook avenue as a private way for the benefit of the appellant. There was no highway upon which the land abutted, nor did the grantor in any way, either expressly or by implication, covenant that there would be a highway, or that he would dedicate or appropriate the lands, the title to which he reserved by his grant, for that purpose. He had taken, as the boundary line of the property conveyed, the southeasterly side or line of the land that had been marked out by the public authorities as an avenue which in the future might be made a public street. There was no dedication of this land for street purposes by the execution of this deed. There was no implied grant that this property should be used as a highway at the time of the delivery of the deed, because there was nothing in the conveyance which treated it as an existing street or highway, or from which it could be inferred that the parties intended that it should be dedicated or used for that purpose in the future. No right to use this strip of land as a street could arise until proceedings were instituted by the city by which the road or avenue as laid out should be opened, and the fee of the property acquired for that purpose. The language used in the description would seem to indicate that the southeasterly side or line, as laid out by the city of New York as an avenue, was selected as the boundary to the lot conveyed, but there .

is nothing to show that there was any intention·to give to the grantor any interest in the fee of the property which constituted the bed of the avenue.    Brook avenue is not mentioned as an existing street or as about to become an existing public street.    It is described merely as an avenue laid out by the municipal authorities of the city of New York, and the lot is described as running to the southeasterly side of the avenue as laid out.    Certainly, no greater covenant could be implied than that when the city, by proper proceedings, established Brook avenue as laid out upon the map as a public street, the land conveyed to the grantee should abut upon it.    Whether a grant of an easement arises from implication in a grant of real estate depends upon the intent of the parties to the grant; · and, in construing the grant, the court will take into consideration the circumstances attending the transaction, the particular situation of the parties, the state of the country, and the state of the thing granted, for the purpose of ascertaining the intention of the parties.    In re One Hundred and Sixteenth St., 1 App. Div. 438, 37 N. Y. Supp. 508; U. S. v. Appleton, 1 Sumn. 500, Fed. Cas. No. 14,463.    In Underwood v. Stuyvesant, 19 Johns. 181, the owner of a plot of ground caused it to be surveyed, and a map thereof made, on which the tract was laid out, and divided into streets, blocks, and building lots.    On said map there was a street called "Peter Street."    The owner then leased lots bounded on the west by the Bowery, which was an open public highway, and on the north by Peter street.    Peter street was not then open at all, and was subsequently discontinued when a new plan of the city was made.    The plaintiff, under the demise from the owner of the tract of land, claimed a right of way over what was called "Peter Street" upon the map, but, as he had access to his premises by the Bowery, the court held that the lessee had not the right to insist upon the conditional agreement on the part of the lessor.    The grant that the court implied from this lease was stated to be: "I engage to give the ground for the streets, according to the map, upon condition that the corporation shall ratify it,"—the court,saying: "The defendant has left a reasonable and convenient outlet or private way from the leased premises to the Bowery road, which, in my judgment, is all that can be lawfully required of him, under the circumstances of this case." In Hopkinson v. McKnight, 31 N. J. Law, 422, it was held that a conveyance to the plaintiff of a lot of land which was bounded upon an "alley and street proposed to be laid out," but which was never opened and used as a street, did not amount to a grant of a way, nor to a covenant that the grantee should have a right of way along the alley and street; and we think that in this case there could be no easement implied which gave to the grantee a right to any present use of the property included within the bed of Brook avenue, or any other or further easement or implied obligation, except that before mentioned, viz. that, when Brook avenue should be opened by the proper authorities as a public street, the appellant's land should abut thereon.

Under this proceeding, the city will acquire the fee of the property taken, to be held in trust, however, for use as a public street; and, when the fee is thus acquired, neither the city nor the state has the power to devote such property to any use inconsistent with that for

which it is acquired and held, except upon payment of compensation to the abutting property owners. In re One Hundred and Sixteenth St., 1 App. Div. 439, 37 N. Y. Supp. 508, and cases there cited; City of Buffalo v. Pratt, 131 N. Y. 297, 30 N. E. 233. When this proceeding was commenced, the appellant occupied no portion of the bed of Brook avenue, nor did he have any title or easement therein. In this respect the case differs from In re Opening of Eleventh Ave., 81 N. Y. 436. There the award was for the full value of the land. It was intended for the benefit, not merely of the owner of the ultimate fee, but of "the owners, proprietors, and parties interested, in respect of the whole estate and interest of whomsoever may be entitled unto, or interested in," the land, and the owner of the land had treated the streets and avenues as existing when the conveyances were made. In De Peyster v. Mali, 92 N. Y. 262, the award of the commissioners was for the westerly half of Bloomingdale road, the fee of which was in the plaintiff, and that award was made to the defendants as owners thereof, and was confirmed and paid by the city to them. The court held that the defendants had no right whatever to these awards. They had an easement in the Bloomingdale road in front of their lot for use as abutting owner. But there easement was not taken. The road was not closed, but remained open as the "Riverside Drive," with undiminished usefulness as a highway; and, as the abutting land was taken for the "Riverside Park," this easement went with that as an appurtenance thereto, and the defendants ceased to have any private interest in the road. In Re One Hundred and Sixteenth St., supra, the question presented was much like the one now under discussion. That was an appeal from an order confirming the report of the commissioners of estimate and assessment, by which they awarded to the New York Hospital the full value of certain land which formed a part of the bed of the street. The commissioners allowed the New York Hospital the full value of the land taken. subject to no easement, either in favor of the public or any abutting owner, and the sole question presented was whether the commissioners adopted a correct principle in making this award. That depended upon whether the New York Hospital owned the strip of land, the value of which had been awarded to it by the commissioners, in fee, free from any easement or right of way, and we held that no easement could be implied from the grant. In the cases cited, in which the grant of an easement had been implied, there was either an existing street or highway, upon which the premises conveyed abutted, which furnished a means of access to the property granted, or the parties, by the conveyances, had treated streets or avenues laid out upon the city map as existing streets or avenues, or, from some existing condition, an intention to grant a right in the street could be presumed. The facts, as here presented, establish, we think, that no such intention existed. In Re Decatur Ave., 27 App. Div. 265, 50 N. Y. Supp. 621, the question as to who was entitled to an award made to unknown owners was presented. This award was claimed by the owner of the fee, and also by the owner of an easement to which the land taken was servient. The referee to whom the action was referred divided the award, paying part to the owner of the fee and the remainder to the owner of the

easement.　The only point made by the appellant in that case was that the award of the commissioners, having been made to the owners of the land, was a binding adjudication that a person who owned an easement to which the land was subject had no right to the award, and that contention was supported.　What we decided was:

"Two or more persons may have an interest in land which, taken together, would constitute an ownership of the land; and whether they are entitled as tenants in common to the fee of the land, or one is the owner of the fee while the other is the owner of an estate, either for life or for years, or an easement to which the land is servient, they together are the owners of the land, and are entitled to the fund which stands in place of the land, according to their respective interests."

We cited in support of that proposition In re Opening of Eleventh Ave., supra, which is certainly an authority for the position taken, and that position has never, so far as we know, been seriously questioned.　There was no claim in that case that the owner of the easement was not entitled to any part of the award, for the reason that his easement had not been appropriated by the proceeding.

The right to have Brook avenue remain open as a public street accrued to the defendant as an appurtenance to his abutting property when the avenue was opened under this proceeding, and there is nothing to show that the amount awarded to unknown owners included the value of the interest of the appellant in the avenue which was not taken, or that the assessment for benefit imposed upon the appellant's abutting property was not fixed after considering the right that said property acquired by the grant in question.　The city took in this proceeding, under the statute, the fee of the land, in trust to be used as a public street.　It certainly never undertook to appropriate, destroy, or interfere with any easement of the appellant's, for he had none.

We think, therefore, that, upon the facts presented, no property of the appellant's in this street was taken, and that the appellant is not entitled to any portion of the award made for the property which was taken.　The order appealed from is therefore affirmed, with costs. All concur.