In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK to Acquire Title to Pier 39, East River.

THE MAINE STEAMSHIP COMPANY et al., Appellants; THE CITY OF NEW YORK et al., Respondents.

LANDLORD AND TENANT — LEASE SUBJECT TO TERMINATION BY LAW OR BY THE EXERCISE OF POWER OF EMINENT DOMAIN — TENANTS NOT ENTITLED TO VALUE OF UNEXPIRED TERMS. Where tenants lease property expressly subject to the contingency that the landord might by proceedings under a statute in behalf of a municipality be deprived of the title or right to the possession of the property, they are not entitled to

have the value of their unexpired terms ascertained and deducted from the total award to the landlord in such proceedings, representing the value of the property at the time it was made.

*Matter of Mayor, etc., of New York,* 62 App. Div. 271, affirmed.

(Argued October 1, 1901; decided October 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 9, 1901, which affirmed an order of Special Term confirming the report of commissioners of estimate and assessment in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*James E. Kelly* for appellants. The lease expressly reserved the right to compensation. (*Matter of Trustees N. Y. & B. B.,* 137 N. Y. 97.) The clause of the lease providing that in case the wharf " shall be destroyed or substantially changed by the direction and authority of the department of docks," etc., does not contemplate the taking of the property by the city of New York. This clause is vastly different from the usual clause in leases that if the property is taken for public use the lease shall end. (*Cornish* v. *F. B. F. Ins. Co.,* 74 N. Y. 295; *Matter of Central Park,* 51 Barb. 277; *Matter of Pearl St.,* 19 Wend. 651; *Matter of John St.,* 19 Wend. 659; *Matter of William St.,* 19 Wend. 678; *Matter of Smith,* 15 N. Y. Supp. 516; *Matter of Bryan,* 15 N. Y. Supp. 517.)

*John Whalen, Corporation Counsel* (*Theodore Connoly* of counsel), for city of New York, respondent. The fee value should not be changed to the prejudice of the city. (*Matter of Trustees N. Y. & B. B.,* 137 N. Y. 95.)

*William J. Kelly* for Screw Dock Company, respondent.

O'BRIEN, J. This is a proceeding instituted by a petition to the Supreme Court in behalf of the city of New York to acquire title to certain dock property for public use, described

in the petition as Pier 39, East river. The various statutes constituting a part of the charter of that city outline a comprehensive scheme to enable the city to acquire the title to all wharves, piers and docks upon the water front owned by private individuals or corporations. (Laws of 1871, ch. 574, sec. 99; Laws of 1882, ch. 410, sec. 715.) These statutes inaugurated a radical change in the ownership of dock property, and private ownership in wharves and wharfage rights were from that time subject to a process of extinction. (*Langdon v. Mayor, etc., of N. Y.*, 93 N. Y. 129; 133 N. Y. 628.)

In this case commissioners were appointed to acquire dock property owned by a corporation known as the Screw Dock Company, and they reported to the court that the damages which the owner was entitled to receive from the city for the property were $291,680. It seems that at the time of the institution of the proceedings the property was occupied by tenants under written leases which had not expired, and these tenants upon notice participated in the hearing before the commissioners for the assessment of damages and claimed that they should be awarded the value of their estate or interest in the premises represented by the unexpired leases. The commissioners awarded to each of the tenants the nominal sum of one dollar. The report of the commissioners was confirmed by the courts after a hearing, and the order of confirmation has been affirmed at the Appellate Division.

The only question involved in this appeal is whether any error of law was committed at the hearing in denying the application of the tenants for compensation for the value of their unexpired terms. The evidence given before the commissioners on this question would certainly justify the conclusion that the leases held by the tenants were of some considerable or substantial value. The question is whether these leases were taken by the tenants subject to be terminated by law, or by the exercise of the power of eminent domain, which the statutes referred to clearly conferred upon the city. Both leases, in express terms, are made "subject, however, to all the rules and regulations of the Department of Docks or other

authorities having control of wharves and piers and the waters adjacent thereto in the City of New York." They also contained the following provision : " And it is further agreed and understood that in case the said wharf or premises hereby demised shall be destroyed or substantially changed by direction and authority of the Department of Docks or other parties by law having control of the wharves and piers and waters adjacent in the City of New York, then this lease shall cease and terminate, and the party of the first part shall not be liable to damages for such destruction or change, but the party of the second part does not hereby release its claim for damages against any other party or parties for any damages it may sustain." The city has no interest whatever in the controversy. It is bound to pay the award made by the commissioners and confirmed by the courts before the title of the owner can be completely extinguished. The only parties who have appealed from the order of confirmation are the tenants under the leases referred to, and their claim is that the value of their interests should be ascertained and deducted from the total award to the owner.

This would, of course, be equivalent to compelling the owner to pay the tenants the value of their unexpired terms, whatever they may be, out of the award which represents the value of its property at the time it was made. We think this would be a violation of the provisions of the leases above quoted, which were manifestly intended to protect the owner against any such claim. The tenants leased the property expressly subject to the contingency that the landlord might, by proceedings under the statute in behalf of the city, be deprived of the title and right to possession of the property. While they acquired under the provisions of the lease nominally a term for a specified number of years, in legal effect, the leases were to cease and terminate whenever the city instituted proceedings to acquire the property. In view of the power conferred upon the city with reference to which the landlord and tenants contracted, that is the plain meaning of the provisions of the leases. So we think that the landlord was not bound

17

and the court could not compel it to share the award with the tenants.

The other questions in the case have been sufficiently discussed in the learned opinion below, in which we concur.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN and LANDON, JJ., concur; VANN, J., not voting.

Order affirmed.