CORNELIUS POILLON, Appellant, *v.* LOUISA M. GERRY, Respondent.

LEASE — ERRONEOUS DISMISSAL OF COMPLAINT IN ACTION BASED UPON APPARENTLY CONFLICTING PROVISIONS. When apparently conflicting provisions in a lease, one that the lessor should be entitled to any award for the premises if taken by the public authorities, and the other giving the lessee the right to remove the buildings on the premises at the expiration of the term, may be so reconciled as to give each its proper effect, it is erroneous, in an action by the lessee against the lessor to recover the amount awarded and paid to him by the municipal authorities for the buildings, to dismiss the complaint in the absence of other evidence showing title to the buildings in the defendant.

*Poillon* v. *Gerry*, 84 App. Div. 640, reversed.

(Argued May 13, 1904; decided June 3, 1904.)

APPEAL from a judgment of Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1903, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

In proceedings for the improvement of the water front on West street, in the city of New York, certain lands belonging to the defendant were taken *in invitum,* and several awards were made to her, among them being one for $2,500.00, for the buildings mentioned in the lease set forth in the record, under which the plaintiff, as the tenant named in the lease, claims to be entitled to this award, by virtue of his alleged ownership of the buildings and his reserved right to remove them at the expiration of his term. The lease from the defendant to the plaintiff bore date January 28th, 1895, and the term was for one year from May 1st, 1895. It contained the following provisions:

" In case the United States, State or Municipal authorities shall take any part of said premises or determine upon any change in the condition thereof for public purposes, the lessee hereby agrees that he will not in any case make any claim for

damage against said lessor, and any and all amounts paid or awarded the owner of said premises on account of such taking or change of condition shall be the sole property of the lessor and the lessee shall not assert any claim or interest therein, the amount of rent reserved having been fixed in contemplation of such possible taking or change in condition of said premises. In case the lessee shall be actually evicted from any part of said premises by such taking or change of condition of said premises the rent shall be diminished by a fair and reasonable proportion, but the lessee shall have no other claim against the lessor or against any award or compensation allowed the owner. The lessor may terminate the lease by giving thirty days' previous notice in case she should sell the premises hereby demised, or any part thereof. It is further covenanted and agreed between the parties hereto that in case the said lessee shall fully and faithfully pay said rent and keep and perform all the covenants and conditions of this lease as herein required to be kept and performed by him, then and in such case he shall have the privilege of removing and taking away the buildings now erected on said demised premises at the expiration of this lease."

It appears that in March, 1895, the proper municipal authorities instituted a condemnation proceeding to acquire the lands of the defendant on West street. In May of that year the defendant appeared in that proceeding and therein asserted ownership of the buildings occupied by the plaintiff. Thereafter the commissioners of estimate and assessment in the proceeding awarded to the defendant the sum of $2,500.00 as the value of said buildings, and on May 18th, 1896, the report making this award was confirmed. The plaintiff did not appear in the condemnation proceeding.

From May 1st, 1896, when his term under the lease expired, the plaintiff continued in possession of the premises, with the consent of the defendant but without entering into a new lease, and paying the same rent as before, until May 18th, 1896, when title vested in the city. From that date until August 19th, 1896, the plaintiff continued to occupy the

premises under the city. On the last-mentioned date the plaintiff attempted to sell the buildings and remove them from the lands acquired by the city, but was prevented from doing so. Some correspondence between the parties thereupon ensued, relating to a balance for rent, water tolls, etc., due from the plaintiff to the defendant, in which the plaintiff claimed to be entitled to the award received by the defendant for the buildings, and the defendant offered to credit the plaintiff upon his rent account with the amount of $30.00, for which the latter had attempted to sell the buildings.

The only evidence outside of the lease relating to the ownership of the buildings is found in the testimony of the plaintiff to the effect that the buildings were erected in 1885 by the plaintiff and his brother, under a lease of the land held by the latter. The judgment entered upon the decision of the trial court was affirmed at the Appellate Division.

*Charles Blandy* and *Samuel C. Mount* for appellant. The dismissal of the complaint was erroneous if in any view of the evidence a verdict for plaintiff could have been rendered. (*Weil* v. *D. D., etc., Co.*, 119 N. Y. 147; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Sheldon* v. *A. Ins. Co.*, 26 N. Y. 460; *Greene* v. *Miller*, 74 Hun, 271; *Royce* v. *Watrous*, 7 Daly, 87.) Plaintiff was entitled to judgment in his favor and it was error to dismiss his complaint. (*McDonald* v. *M. E. R. Co.*, 167 N. Y. 69; *Gates* v. *De La Mare*, 142 N. Y. 307; *Hill* v. *Wine*, 35 App. Div. 520; *Livingston* v. *Sulzer*, 19 Hun, 375; *De Peyster* v. *Mali*, 92 N. Y. 262; *Spears* v. *Mayor, etc.*, 87 N. Y. 359; *Youngs* v. *Stoddard*, 27 App. Div. 162; *Matter of Corporation Counsel*, 42 App. Div. 198; *Muller* v. *Earle*, 3 J. & S. 461; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341.) Defendant's contentions at the Appellate Division were erroneous. (*Holmes* v. *Tremper*, 20 Johns. 29; *Ombony* v. *Jones*, 19 N. Y. 234; *Lewis* v. *O., N. & P. Co.*, 125 N. Y. 341; *Andrews* v. *D. B. Co.*, 132 N. Y. 348; *Clark* v. *Howland*, 85 N. Y. 204; *Thorn* v. *Sutherland*, 123 N. Y. 236; *Weil*

v. *D. D. Co.*, 119 N. Y. 147; *Mayor, etc.,* v. *Curran,* 15 Daly, 116; *Livingston* v. *Sulzer*, 19 Hun, 375.)

*William H. Harris* for respondent. The defendant was the owner of the buildings on the property described in the lease, and properly received the award therefor. (*Stevens* v. *Ely*, 162 N. Y. 79; *Talbot* v. *Cruger*, 151 N. Y. 117; *Bernheimer* v. *Adams*, 70 App. Div. 114.) The plaintiff failed to substantiate the cause of action set forth in the complaint. (*Schuyler* v. *Smith*, 51 N. Y. 309; *Haynes* v. *Aldrich*, 133 N. Y. 287; *Herter* v. *Mullen*, 159 N. Y. 28; *Valentine* v. *Healy*, 158 N. Y. 369; *Smith* v. *Allt*, 7 Daly, 492.)

Werner, J. The only exception presented by this record is that taken by the plaintiff to the court's dismissal of the complaint, and the single question we are called upon to decide is whether, upon the facts established, the plaintiff was entitled to have the case submitted to the jury. This question is to be determined in the light of the facts and inferences most favorable to the plaintiff. (*McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 68.)

The plaintiff claims to be entitled to the award of $2,500, which was made to the defendant in the proceedings above referred to. This claim has been prosecuted in the form of an action as for money had and received. This form of action is authorized by section 993 of the New York Consolidation Act, and has been approved in *Spears* v. *Mayor, etc., of N. Y.* (87 N. Y. 359). It has also been held that it is no defense to such an action that the award was excessive or inequitable. (*De Peyster* v. *Mali*, 92 N. Y. 262.)

The lease to the plaintiff gave him the right at the expiration of his term to remove the buildings for which the award was made. This clause in the lease is consonant with and supplemented by the plaintiff's testimony that he was the owner of the buildings. If these were the only facts in the case, it would be too obvious for discussion that the plaintiff was entitled to remove the buildings when his lease expired,

2

and it would follow as a necessary conclusion that he is entitled to the award for them which has been paid to the defendant. There is, however, the other quoted clause of the lease under which it was stipulated that the defendant should be entitled to all amounts paid or awarded for the taking of the premises by the public authorities, the rent reserved having been fixed in contemplation of such taking, and that plaintiff, in case of such taking, would make no claim for damages against the defendant. There is in evidence also the admission of the plaintiff that at the time he accepted his lease there was pinned to a corner of it a memorandum to the effect that he was to be allowed one hundred dollars for repairs.

At first glance, the clause of the lease which provides that the defendant shall be entitled to any payment or award for the taking of the premises, seems to be dominant and exclusive. But when both of the quoted clauses are read together, as they must be in the effort to ascertain the intent of the parties, it seems clear that each may be given effect without destroying the other. Under the first clause the defendant, as owner of the land, is to receive any award for the taking thereof and the plaintiff, as tenant, waives all right to damages for interference with or abridgment of his possession or term. In other words, the owner is to take the award just as he would if there were no lease, and the tenant waives his right to any part of it, as well as any claim for damages against the owner. Under the second clause the tenant, if he has complied with the conditions of the lease may, at the expiration of his term, remove the buildings which he claims to own. Thus construed these clauses of the lease are consistent with each other. Unless they are thus construed, one or the other must be held to be meaningless. Under the well-established rule that contracts must, if possible, be so construed as to give effect to all their parts, we think neither of these provisions is repugnant to the other. This view is strengthened by the fact that the first clause contains a provision for a proportionate reduction of the rent in case the tenant should be actually evicted during his term. This circumstance strongly

indicates that it was the intention of the parties to make the owner the recipient of all the land damages, including such as might otherwise have been awarded to the tenant for any abbreviation of his term; and to limit the tenant's right to the removal of his buildings, and to a ratable reduction of rent in case of eviction.

Counsel for the defendant also contends that if the plaintiff ever had any right to the buildings, it was lost by his failure to remove them promptly at the expiration of his lease. The facts do not sustain this claim. It appears that the plaintiff remained in possession of the demised premises from the 1st to the 18th of May, 1896, with the consent of the defendant. As there was no new lease and the rent was the same as it had been during the previous year, it was a holding over on the terms expressed in the lease, and these included plaintiff's right to remove the buildings. (*Lewis* v. *Ocean Nav. & Pier Co.*, 125 N. Y. 341.)

On May 18th, 1896, the report of the commissioners of estimate and appraisal was confirmed and title to the lands then vested in the city. The latter, having paid $2,500.00 for the buildings, became the owner thereof, and the defendant, having received the award for the buildings, held the same for the use and benefit of the plaintiff. Upon this state of facts we think it was error to dismiss the complaint. Whether the plaintiff's rights upon another trial will depend wholly upon the construction which we have given the clauses of the lease above referred to, or whether they may rest in part upon extraneous facts, some of which have been noted, we do not now decide. If the plaintiff was not entitled to the direction of a verdict in his favor, he had at least the right to have the case submitted to the jury.

The judgment of the court below should be reversed and a new trial granted, with costs to abide the event.

O'Brien, J. (dissenting). The court below, I think, disposed of this case correctly. The plaintiff had no title to the award, and had no more title to the buildings than he had to

the land on which they stood. The title to the land, as all admit, was in the defendant, and the title to the buildings was never separated from that of the land. The plaintiff's stipulation in the case is to the effect that the defendant shall be entitled to the award. The provision that at the termination of the lease the plaintiff should have the right to remove the buildings has no application, except in case the right of eminent domain was not exercised by the city. The fact that under the first provisions of the lease the land and the buildings were taken by the city rendered impossible the contingency upon which the right of the plaintiff to remove the buildings depended.

The principles decided by this court in a recent case control this appeal. (*Matter of Mayor, etc., of N. Y.,* 168 N. Y. 254.) There is no distinction in principle between that case and the one at bar, and so the judgment should be affirmed.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and VANN, JJ., concur with WERNER, J.; O'BRIEN, J., reads dissenting memorandum.

Judgment reversed, etc.