Alexander Del Giorno, J.
This is a claim to recover ‘ ‘ compensation for the tailing of certain trade fixtures and various *690 installations and equipment located ” in claimant’s leased store in the City of New Rochelle, State bf New York. The building in which the store was located was appropriated by the State for the purpose of the State Thruway System (Highway Law, art. 12-A). The notice of appropriation, map and description were filed in the office of the Clerk of the County of Westchester on July 19, 1954. Personal property, as such, was not described in the taking. Pursuant to a notice to vacate, the claimant removed from the premises in December, 1955. The claim was filed on July 17, 1956 and has not been assigned.
On July 14, 1952 a lease was entered into between Nestun Realty Corp. and one Frank C. Turco, for the term of five years, commencing on August 1, 1952 and ending on July 31, 1957. Paragraph 21st of the lease provided “ that should the land wherein said building stand or any part thereof be condemned for public use, then in that event, upon the taking of the same for such public use, this lease, at the option of the Landlord, shall become null and void, and the term cease and come to an end upon the date when the same shall be taken and the rent shall be apportioned as of said date. No part of any award, however, shall belong to the Tenant”. Paragraph 22nd of the lease provided that “if after default in payment of rent or violation of any other provision in this lease, or upon the expiration of this lease, the Tenant moves out or is dispossessed and fails to remove any trade fixtures or other property prior to such said default, removal, expiration of lease, or prior to the issuance of the final order or execution of the warrant, then and in that event, the said fixtures and property shall be deemed abandoned by the said Tenant and shall become the property of the Landlord ’ ’.
Paragraph 30th of the lease provided that ‘1 the Tenant herein shall have the right to transfer or assign this lease to a bona fide purchaser of its business, provided, however, that the Tenant first submit to the Landlord the name of its Purchaser together with such other information as the Landlord may require and obtain the written consent of the Landlord that the Purchaser is acceptable to the Landlord and, provided further, that the Purchaser, by written instrument, agrees to accept the obligations of this lease and use the premises for same uses and purposes as specified in this lease. The Landlord agrees not to unreasonably withhold or refuse to accept such Purchaser ”.
On July 15, 1953 Frank C. Turco assigned to the claimant, for value received, all his right, title and interest in and to bne lease, relating to the premises involved, “ now occupied *691 by the undersigned Frank C. Turco, said lease being for the term of five years, commencing August 1, 1952 and ending July 31, 1957. This assignment is in conjunction with the sale of the stationery and candy store business which I have operated in the demised premises unto the said Sidney Antonowsky for full value, he being a bona fide purchaser of the said business.” As part of the same instrument, claimant executed an assumption agreement to perform “ all the terms, covenants, provisions, conditions and obligations on the Tenant’s part to be performed” under the lease. As part of the same instrument and on July 20, 1953 the landlord, in reliance upon the said assignment by Turco to claimant, and the assumption agreement executed by claimant, consented to the assignment. On July 15, 1953 Turco executed a bill of sale to claimant, containing also an affidavit of title by Turco, the subject matter of the sale being 1 ‘ all that certain retail stationery and candy store located at 324 North Avenue, New Rochelle, New York, together with the good will thereof and all the stock in trade contained therein, and the furniture, fixtures and equipment contained in the said premises and used in connection with the operation of the said business ’ ’. A schedule was incorporated in the bill of sale.
By order of Honorable Sidney Squibb, a Judge of this court, dated April 23, 1957, Nestun Realty Corp. has been permitted to intervene in this claim.
After he took over the store, claimant made certain alterations, enlarging and improving it, and putting in lights and show cases. When he was obliged to remove, he took with him a magazine rack and three light fixtures to a store across the street into which he moved. He stated that he was unaware whether the shelves, racks and cases he left were attached by screw or nail or were merely standing; he said that he could not move his fixtures to the new store, as the latter was too small to accommodate them.
Mr. Schaff, a contractor appraiser, testified that all items in the inventory made by him were attached and fitted to the wall in the store, and were not stock items; he said that removal of these items could be accomplished with only superficial damage to the wall.
The intervenor offered in evidence a deed from C. H. Blume, Inc., to Nestun Realty Corp., dated December 30, 1946, and rested, as did the defendant the State of New York.
In determining title to trade fixtures, as between landlord and tenant, the tenant can be said to own those trade fixtures which he has the right to remove from the landlord’s premises *692 at or before the expiration of the term. The right of removal is limited to the extent that such removal must be accomplished without material injury to the landlord’s premises. (Matter of City of New York [Conron v. Glass], 192 N. Y. 295.) In this case, at pages 301-302, the court said: “ The additions under consideration were made by the tenants for business purposes and their character as against the landlord is to be determined by the rule applicable to trade fixtures. This rule is very liberal toward the tenant. (Taylor’s Landlord and Tenant [8th ed.], vol. 2, p. 544.) It has been formulated as follows: ‘ As between landlord and tenant the placing of machinery or other appliances by the tenant upon the leased premises for the purpose of trade or manufacture to be carried on by the tenant does not make the property so affixed a part of the freehold, but it still remains personalty to such an extent at least that the tenant retains the right to remove it (citations). The' trade fixtures of a tenant in other words remain personal property in the eye of the law so far as the right of removal is concerned. ’ (Mass. Nat. Bank v. Shinn, 18 App. Div. 276, affirmed, 163 N. Y. 360.) The familiar limitation upon the right to remove .such fixtures is that the removal must be accomplished without substantial injury to the freehold”.
No evidence was introduced by the landlord to show that the removal of any of the items involved would result in substantial injury to the building. On the contrary, the testimony of claimant’s witness Schaff indicated that the removal of the items could be accomplished with only superficial damage to the wall.
In the case of Matter of City of New York (Allen St.) (256 N. Y. 236, 243) a clause in a lease which provided for its termination upon the vesting of title to the land evidenced an agreement between landlord and tenant that the tenant should receive out of the award no compensation for his leasehold interest. The court, citing Matter of Mayor of City of N. Y. (168 N. Y. 254) and Poillon v. Gerry (179 N. Y. 14), held that “ Even so, the tenant retains the right to compensation for his interest in any annexation to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease.”
The intervenor landlord urges that claimant cannot succeed because he has failed to prove his right to remove the fixtures which were included in the bill of sale; he maintains that “ at least insofar as all the items claimed as fixtures which were not installed by the claimant, but which may or may not have been installed by his assignor, the lessee Turco (or even perhaps *693 by a prior tenant), and which were purported to have been sold by Turco as personalty in a bill of sale to the claimant Antonowsky, that there is a failure of title proof in Antonowsky ”.
With this contention the court cannot agree. By virtue of the assignment of the lease to claimant, the assumption agreement, the consent of the landlord intervenor, the bill of sale and the affidavit of title, the claimant became the owner of the trade fixtures. Claimant’s assignor and claimant had the right of removal of these fixtures. The only evidence introduced by the landlord intervenor upon the trial was its deed. Mr. Schaff testified that he thought the items were between 15 and 20 years old at the date of the taking, and, while admitting that they were not the latest type in use, stated that if a man in business chooses to use them for his particular enterprise, that is his concern.
The claimant has established his title to the trade fixtures.
The appraisal of Mr. Schaff sets forth the various items in question, and provides the new value, depreciation and sound value. Item No. 4, thereof, described as a built-in magazine rack stock display, valued by him at the sum of $134, was withdrawn at the trial. The total sound value of the items in the premises is found to be the sum of $2,829, from which is to be deducted the said sum of $134 for which allowance is hereby made, and the sum of $200, representing the claimed sound value for three lighting fixtures unused by claimant plus a screen door and window guard which the court considers to be personalty, leaving a balance due of $2,495, which the court finds to be the fair market value at the time of the taking and to be due to the claimant as a result thereof.
The court, therefore, awards claimant the sum of $2,495, with interest from July 19, 1954 to January 18, 1955 and from July 17,1956 to date.
All motions heretofore made by the State on which decision was reserved are hereby denied.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Let judgment be entered accordingly.