Sidney Squire, J.
This claim for $20,520 arises out of the appropriation of land and improvements in the Town of Salina and County of Onondaga in our State for the grade crossing *921 elimination of the New York Central Bailroad Company at Lemoyne Avenue in said town, further identified as Public Service Commission Case No. 15302.
On October 22, 1953, the State’s Superintendent of Public Works by virtue of the authority vested in him, filed in the office of the Clerk of Onondaga County, Map No. 18 showing and describing Parcel No. 18 for the fee taldng of 0.633± acres. On the trial hereof it was stipulated that October 22, 1953 was the appropriation date herein.
On said day the real property affected was apparently owned in fee by Frank Buschke and Fanny Buschke. The building located on said premises known as 1820 Lemoyne Avenue was then leased to the claimants herein who were in occupation thereof.
On or about July 17, 1950 the claimants had purchased from . said landlord a die-casting business located thereat. The purchase price included the venture’s good will, stock in trade, fixtures, installations and appurtenances which had been specially constructed for the die-casting business.
This claim as originally filed, demanded $20,520. It asked for $4,500 for the cancellation of the lease and consequent loss, $8,750 for depreciation of machinery, $5,000 for the cost of moving machinery, $270 for certain increased expenditures arising out of the vacatur of the premises and $2,000 for loss of business. On the trial, proof was limited to the machinery and fixture values. The other items were abandoned.
Claimants were in possession pursuant to a written lease bearing that date. The unnumbered paragraph of said lease submitted for construction by this court provides: “If the whole or any part of the demised premises shall be taken by Federal, State, County, City or Governmental authority for public use, or under any statute, or by right of eminent domain, or by mutual agreement with the landlords, then when possession shall be taken thereunder of said premises, or any part thereof, the term hereby granted and all right of tenants hereunder shall immediately cease and terminate without recourse against the landlords for any damage sustained by the tenant [sic] ”.
We determine that said paragraph does not preclude the claimants from recovering damages from the State of New York for their fixtures as a result of the instant appropriation by the sovereign State. Such worded release against the landlord does not release the State.
Oddly enough, each side relies upon Matter of City of New York (Allen St.) (256 N. Y. 236). The claimant maintains that *922 said authority entitles it to a recovery at bar. The State contends that the opinion compels a dismissal of this claim. Our conclusion is in accord with the viewpoint of the claimants’ counsel. In the cited ease at the top of page 243, Lehman, J., wrote for the majority (4 to 3) that “ In this case, the clause of the lease which provided for its termination upon the vesting of title to the land in the city evidences an agreement between landlord and tenant that the tenant shall receive out of the award no compensation for his leasehold interest. Even so, the tenant retains the right to compensation for his interest in any annexations to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of his lease. (Matter of Mayor of City of New York, 168 N. Y. 254; Poillon v. Gerry, 179 N. Y. 14.) ”
At bar, the male claimant who was the only witness for his side, had considerable difficulty in proving the damages, despite the excellent efforts of able counsel. Said claimant testified concerning costs of certain alleged renovations with respect to the fixtures. He offered no receipted bills or paid checks to buttress his oral statements. Nor were photographs of the fixtures offered in evidence.
Unfortunately, in the shape of this record which we have read twice since the trial, we cannot give adequate weight to his claimed valuations, nor are we impressed with his testimony that at the time of the appropriation the fixtures involved were worth more than when he had purchased them. His answers often demonstrated confusion. He testified from notes written by another, weakening the quality of his proof.
We find the following reasonable values on the date of appropriation: $256 for two heating units, $210 for the water-cooling system, $235 for pipes hooked up with the water lines, $320 for electric installations, $105 for exhaust fans, $480 for the furnaces, $1,365 for the three steel die-casting machines, aggregating $2,971.
Claimants are not entitled to any recovery for the Coleman instruments, the office construction and the items in the residential quarters, more particularly, the kitchen cupboard units, Venetian blinds, kitchen linoleum and kitchen heating units.
This case was tried years after the building involved and its contents had been demolished. In obeisance to the statute (Court of Claims Act, § 12), the court in the company and presence of counsel for each side, viewed the situs of the property affected.
*923 The claim herein was filed in the office of the Clerk of this court on June 26, 1954 and a copy thereof served on the Attorney-General on June 28, 1954. Said claim has not been assigned or submitted to any other tribunal for audit or determination. The official stenographic minutes were received by the court on September 22, 1958 and the case was finally submitted on September 26, 1958. Both sides waived the submission of proposed decisions containing proposed findings of fact and proposed conclusions of law.
Defendant’s motions to dismiss the claim are denied. The implied motion of claimants for judgment is granted.
Judgment is to be entered accordingly (Civ. Prac. Act, § 440) in favor of the claimants, Benny McClusky and Mildred McCIusky, against the defendant, the State of New York, for said $2,971 with interest thereon from October 22,1953 to April 22,1954 and from June 26,1954 to the date of entry of judgment herein.