In the Matter of the Application of THE BOARD OF STREET OPENING AND IMPROVEMENT of the City of New York for and on Behalf of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same has not been Heretofore Acquired, to Decatur Avenue (although Not Named by Proper Authority), Extending from Brookline Street to Mosholu Park in the Twenty-fourth Ward of the City of New York, Confirmed December 28, 1891, on the Petition of CORNELIUS B. SCHUYLER.

CORNELIUS B. SCHUYLER, Claimant, Appellant; HENRY D. PURROY, Claimant, Respondent.

*New York city — condemnation proceedings — who are entitled to an award made to unknown owners.*

An award to unknown owners, made in condemnation proceedings, for property taken by the city of New York to open a street, does not constitute an adjudication that a person owning an easement to which the land was subject is not entitled to any part of the award.

The owner of fee of the land subject to an easement, and the owner of the easement, are, together, the "owners" of the land.

APPEAL by the claimant, Cornelius B. Schuyler, from an order of the Supreme Court, made at the New York Special Term on the 6th day of January, 1896, and entered in the office of the clerk of the county of New York, confirming the report of a referee appointed to take proof of the claims of Cornelius B. Schuyler and Henry D. Purroy to an award made in the above-entitled proceeding.

*James C. De La Mare*, for the appellant.

*C. Donohue*, for the respondent.

INGRAHAM, J. :

An award was made to unknown owners for a lot of land taken in this proceeding, and this award was claimed by Cornelius B. Schuyler as the owner of the fee, and also by Henry D. Purroy as owner of an easement to which the land taken was servient. The amount of the award was paid into court, and a referee was appointed to take proof as to the right of the claimants to the award. That referee reported that Schuyler was the owner of the fee of the premises, subject to an easement, vested in Purroy, that the property should be kept open as a street, and that the value of Schuyler's interest, as owner of the fee subject to the easement, was $75, and that the value of the easement vested in Purroy was the balance of the amount awarded for the property, being $482.66. This report was confirmed, and from the order of confirmation Schuyler appealed. The only point made by the appellant is that the award of the commissioners, having been made to the owner of the land, was a binding adjudication that a person who owned an easement to which the land was subject had no right to the award, and the appellant cites in support of this conclusion *Matter of Department of Parks* (73 N. Y. 561). That case simply decided that, when an award had been made to unknown owners of land, the owners were entitled to the award, and that when they were ascertained they were entitled to the money just as if they had been known and the award had been made to them by name, and that the city of New York had no right to retain such an award. That case did not attempt to decide that where one person was the owner of the fee and another person the owner of an easement to which the land taken was servient, those persons together did not own the land, but that the whole award must be paid to the owner of the fee.

It is quite apparent that two or more persons may have an interest in land which, taken together, would constitute an ownership of the land, and whether they are entitled as tenants in common to the fee of the land, or one is the owner of the fee while the other is the owner of an estate, either for life or for years, or an easement to which the land is servient, they together are the owners of the land

and are entitled to the fund which stands in place of the land, according to their respective interests. It was so expressly decided in *Matter of Eleventh Avenue* (81 N. Y. 443).

No objection is taken by the appellant to the distribution of the fund if Purroy was entitled to a share of it; and we think that the order was clearly right and should be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., Barrett, Rumsey and O'Brien, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.