In the Matter of the Opening of BROOK AVENUE from East One
    Hundred and Sixty-fifth Street and Webster Avenue to Wendover
    Avenue in the Twenty-third and Twenty-fourth Wards of the
    City of New York.

BERNARD SCHWEIZER, Appellant; MARY A. BAXTER, Respondent.

*Easement — conveyance of land running along an unopened and uncondemned street
    as laid out on a city map — it does not confer an easement on the grantee.*

A conveyance executed at a time when Brook avenue had been laid out on the
    map of the city of New York, but before any steps had been taken to condemn
    the land within its boundaries, or to open the street for public use, which
    described the land conveyed as running 100 feet more or less to the south-
    easterly side or line of Brook avenue, as laid out by the department of
    public parks of the city of New York; thence northeasterly along said south-
    easterly side of Brook avenue 25 feet, did not confer on the grantee an ease-
    ment in the land designated on the map as Brook avenue, where, at the
    time the conveyance was executed, the property conveyed fronted upon an
    existing public street, from which the grantee had access to the property
    conveyed.

*Semble,* that no greater covenant could be implied from the conveyance than that
    when Brook avenue should be opened by the proper city authorities the land
    conveyed should abut thereon.

APPEAL by Bernard Schweizer from an order of the Supreme
Court, made at the New York Special Term and entered in the
office of the clerk of the county of New York on the 1st day of
July, 1898, confirming the report of the referee appointed in this
proceeding.

*Joseph A. Flannery,* for the appellant.

*Barclay E. V. McCarty,* for the respondent.

INGRAHAM, J.:

This is an appeal from an order confirming the report of a referee
directing the payment to the respondent of an award made to
unknown owners for a plot of ground taken by the city of New
York for Brook avenue. The award was made for lot No. 73 on
the damage map. There are two questions presented upon this

appeal: *First.* Whether the appellant acquired an easement in lot No. 73 on the damage map? *Second.* If he had acquired such an easement, whether such easement was taken in this proceeding so as to entitle him to any portion of the award made to unknown owners for the property which was taken.

The facts show that one Frank L. Eldridge owned the piece of land which included the premises owned respectively by the appellant and respondent, and that the lot No. 73 on the damage map in question fronted upon a public road or highway called Railroad avenue. Prior to the date of the deeds hereinafter mentioned, Brook avenue had been laid out on the map of the city, but was not an existing road or street; and no steps had been taken either to condemn the property or to open the avenue for use as a public street. This being the situation, Eldridge and his wife conveyed to the appellant a lot of land upon which a building had been erected, by a description which commenced at a point on the northwesterly side of the Harlem railroad, distant 192 feet, along the boundary line of said railroad southwesterly from the southwesterly boundary line of Bathgate farm as laid down on said map ; running thence southwesterly along the said railroad line 25 feet; thence northwesterly on a line parallel with the said boundary line of the Bathgate farm 100 feet more or less to the southeasterly side or line of Brook avenue as laid out by the department of public parks of the city of New York ; thence northeasterly along said southeasterly side of Brook avenue 25 feet; and thence southeasterly and parallel with the said boundary line of said Bathgate farm 100 feet more or less to the boundary line of the said railroad at the point and place of beginning. The appellant by a formal stipulation upon the trial conceded, and upon this appeal concedes, that by this conveyance no portion of the fee of Brook avenue vested in him. He claims, however, that he is entitled to an easement in the strip of land laid out upon the map of the city as Brook avenue.

It is a little difficult to see just what easement could be implied by this grant under the circumstances existing at the time of the execution and delivery of the conveyance. The land conveyed to the appellant fronted upon Railroad avenue, a public street, from which he had access to the property conveyed. Its boundary line extended westerly to the southeasterly line or side of a piece of land

laid out as an avenue, but which had never been opened or used as a highway or private way, and which could afford the appellant no means of access to his property. It never having been dedicated as a public street, it might never be opened as such. It is true that the city of New York had laid out an avenue to be opened in the future when the public interest should require it, but it was not obligatory upon the city to open this avenue. Certainly the grantor would be under no obligation to apply his property in the bed of Brook avenue as a private way for the benefit of the appellant. There was no highway upon which the land abutted, nor did the grantor in any way, either expressly or by implication, covenant that there would be a highway or that he would dedicate or appropriate the lands, the title to which he reserved by his grant, for that purpose. He had taken as the boundary line of the property conveyed the southeasterly side or line of the land that had been marked out by the public authorities as an avenue which in the future might be made a public street. There was no dedication of this land for street purposes by the execution of this deed. There was no implied grant that this property should be used as a highway at the time of the delivery of the deed, because there was nothing in the conveyance which treated it as an existing street or highway, or from which it could be inferred that the parties intended that it should be dedicated or used for that purpose in the future. No right to use this strip of land as a street could arise until proceedings were instituted by the city by which the road or avenue as laid out should be opened and the fee of the property acquired for that purpose. The language used in the description would seem to indicate that the southeasterly side or line, as laid out by the city of New York as an avenue, was selected as the boundary to the lot conveyed, but there is nothing to show that there was any intention to give to the grantee any interest in the fee of the property which constituted the bed of the avenue. Brook avenue is not mentioned as an existing street or as about to become an existing public street. It is described merely as an avenue laid out by the municipal authorities of the city of New York, and the lot is described as running to the southeasterly side of the avenue as laid out. Certainly no greater covenant could be implied than that when the city, by

proper proceedings, established Brook avenue as laid out upon the map as a public street, the land conveyed to the grantee should abut upon it. Whether a grant of an easement arises from implication in a grant of real estate, depends upon the intent of the parties to the grant; and in construing the grant the court will take into consideration the circumstances attending the transaction, the particular situation of the parties, the state of the country and the state of the thing granted, for the purpose of ascertaining the intention of the parties. (*Matter of One Hundred and Sixteenth Street*, 1 App. Div. 436; *United States* v. *Appleton*, 1 Sumn. 500.) In *Underwood* v. *Stuyvesant* (19 Johns. 181) the owner of a plot of ground caused it to be surveyed and a map thereof made on which the tract was laid out and divided into streets, blocks and building lots. On said map there was a street called Peter street. The owner then leased lots bounded on the west by the Bowery, which was an open public highway, and on the north by Peter street. Peter street was not then open at all and was subsequently discontinued when a new plan of the city was made. The plaintiff, under the demise from the owner of the tract of land, claimed a right of way over what was called " Peter Street " upon the map; but as he had access to his premises by the Bowery, the court held that the lessee had not the right to insist upon the conditional agreement on the part of the lessor. The grant that the court implied from this lease was stated to be : " I engage to give the ground for the streets, according to the map, *upon condition* that the corporation shall ratify it," the court saying : " The defendant has left a reasonable and convenient outlet or private way, from the leased premises to the *Bowery road*, which, in my judgment, is all that can be lawfully required of him, under the circumstances of this case." In *Hopkinson* v. *McKnight* (31 N. J. Law, 422) it was held that a conveyance to the plaintiff of a lot of land which was bounded upon an " alley and street proposed to be laid out," but which was never opened and used as a street, did not amount to a grant of a way, nor to a covenant that the grantee should have a right of way along the alley and street. And we think that in this case there could be no easement implied which gave to the grantee a right to any present use of the property included within the bed of Brook avenue, or any other or further easement or implied obligation, except that before mentioned, viz., that when Brook avenue

should be opened by the proper authorities as a public street, the appellant's land should abut thereon.

Under this proceeding the city will acquire the fee of the property taken, to be held in trust, however, for use as a public street; and when the fee is thus acquired, neither the city nor the State has the power to devote such property to any use inconsistent with that for which it is acquired and held, except upon payment of compensation to the abutting property owners. (*Matter of One Hundred and Sixteenth St.*, 1 App. Div. 439, and cases there cited; *City of Buffalo* v. *Pratt*, 131 N. Y. 297.) When this proceeding was commenced, the appellant occupied no portion of the bed of Brook avenue, nor did he have any title or easement therein. In this respect the case differs from *Matter of the Opening of Eleventh Avenue* (81 N. Y. 436). There the award was for the full value of the land. It was intended for the benefit, not merely of the owner of the ultimate fee, but of "the owners, proprietors and parties interested in respect of the whole estate and interest, of whomsoever may be entitled unto or interested in" the land, and the owner of the land had treated the streets and avenues as existing when the conveyances were made.

In *De Peyster* v. *Mali* (92 N. Y. 262) the award of the commissioners was for the westerly half of Bloomingdale road, the fee of which was in the plaintiff, and that award was made to the defendants as owners thereof and was confirmed and paid by the city to them. The court held that the defendants had no right whatever to these awards. They had an easement in the Bloomingdale road in front of their lot for use as an abutting owner. But their easement was not taken. The road was not closed but remained open as the Riverside drive, with undiminished usefulness as a highway, and as the abutting land was taken for the Riverside park this easement went with that as an appurtenance thereto, and the defendants ceased to have any private interest in the road.

In *The Matter of One Hundred and Sixteenth Street* (*supra*) the question presented was much like the one now under discussion. That was an appeal from an order confirming the report of the commissioners of estimate and assessment, by which they awarded to the New York Hospital the full value of certain land which formed a part of the bed of the street. The commissioners allowed the New

York Hospital the full value of the land taken, subject to no ease-
ment, either in favor of the public or any abutting owner, and the sole
question presented was, whether the commissioners adopted a correct
principle in making this award. That depended upon whether the
New York Hospital owned the strip of land, the value of which
had been awarded to it by the commissioners in fee, free from any
easement or right of way, and we held that no easement could be
implied from the grant.

In the cases cited in which the grant of an easement has been
implied, there was either an existing street or highway upon which
the premises conveyed abutted which furnished a means of access
to the property granted, or the parties by the conveyances had
treated streets or avenues laid out upon the city map as existing
streets or avenues, or from some existing condition an intention to
grant a right in the street could be presumed. The facts, as here
presented, establish, we think, that no such intention existed.

In *The Matter of Board of Street Opening* (27 App. Div. 265) the
question as to who was entitled to an award made to unknown owners
was presented. This award was claimed by the owner of the fee
and also by the owner of an easement to which the land taken was
servient. The referee, to whom the action was referred, divided
the award, paying part to the owner of the fee and the remainder to
the owner of the easement. The only point made by the appellant in
that case was, that the award of the commissioners having been made
to the owners of the land, was a binding adjudication that a person
who owned an easement to which the land was subject had no right to
the award; and that contention was not sustained. What we decided
was that " two or more persons may have an interest in land which,
taken together, would constitute an ownership of the land, and
whether they are entitled as tenants in common to the fee of the land,
or one is the owner of the fee while the other is the owner of an
estate, either for life or for years, or an easement to which the land
is servient, they together are the owners of the land and are entitled
to the fund which stands in place of the land, according to their
respective interests." We cited in support of that proposition *The
Matter of the Opening of Eleventh Avenue* (*supra*), which is cer-
tainly an authority for the position taken, and that position has never,
so far as we know, been seriously questioned. There was no claim

in that case that the owner of the easement was not entitled to any part of the award for the reason that his easement had not been appropriated by the proceeding.

The right to have Brook avenue remain open as a public street accrued to the defendant as an appurtenance to his abutting property when the avenue was opened under this proceeding; and there is nothing to show that the amount awarded to unknown owners included the value of the interest of the appellant in the avenue which was not taken, or that the assessment for benefit imposed upon the appellant's abutting property was not fixed after considering the right that said property acquired by the grant in question. The city took in this proceeding, under the statute, the fee of the land in trust to be used as a public street. It certainly never undertook to appropriate, destroy or interfere with, any easement of the appellant, for he had none.

We think, therefore, that, upon the facts presented, no property of the appellant in this street was taken, and that the appellant is not entitled to any portion of the award made for the property which was taken. The order appealed from is, therefore, affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.