## In re VAN ALST AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 24, 1911.)

1. DEDICATION (§ 18*)—CONSTRUCTION OF DEED.

   A deed granted land bounded in part by V. avenue and H. avenue running a certain distance along the northwesterly line of V. avenue, etc., such avenues being projected or laid down on the map or plan of Long Island City, together with a right of way as "now existing through adjoining property of" the grantors until H. avenue or V. avenue or other streets leading or giving access to the premises shall be opened by the municipal authorities of the city. *Held*, that there was no grant of an easement in the land designated as V. avenue, and, the grantee having occupied the premises granted for over 20 years without asserting any right to make use of such land as a street, the city could not, in condemnation proceedings to acquire title to such land for the opening and extending of V. avenue thereover, contend that the award to the owners of such land should be nominal as for land incumbered by a street easement.

   [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 33–36; Dec. Dig. § 18.*]

2. ADVERSE POSSESSION (§ 60*)—EASEMENTS (§ 8*)—ACQUISITION OF RIGHT— PERMISSIVE USE.

   The original grant under the deed negativing the existence of any easement in the land over which the street was to be established, the fact that the grantee by permission of the owner of such land under an implied license which the owner might terminate at any time used the water naturally gathering upon the land for purposes of the grantee's factory by sinking wells and laying pipes thereon, and had used such water for over 20 years, gave the grantee no title to the land by adverse possession, nor easements therein of light, air, and access, nor that the land would be left open for street purposes, nor easements in gross in the nature of a profit a prendre by virtue of having taken water thereof for over 20 years, such as would warrant the assumption of an original grant.

   [Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 60;* Easements, Dec. Dig. § 8.*]

Appeal from Special Term, Queens County.

In the matter of the application of the city of New York relative to acquiring title to lands required for the opening and extending of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Van Alst avenue. From an order confirming the report of commissioners in condemnation proceedings, John Cartledge and others appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

R. A. Mansfield Hobbs, for appellants.

Joel J. Squier (Norman J. Marsh and William B. R. Faber, on the brief), for respondent City of New York.

Clarence Edwards, for respondents Everett and Payne.

WOODWARD, J. These proceedings were started in February, 1899. The report of the commissioners was presented for confirmation on the 12th day of May, 1909, resulting in the order appealed from. The only questions presented upon this appeal relate to damage parcels Nos. 84 and 85 as shown on the commissioners' map, and grow out of rival claims to the awards and the questions are complicated by the attitude assumed by the city of New York, which, as respondent, claims the right under the decision of the court in Matter of City of New York (Decatur street) 196 N. Y. 286, 89 N. E. 829, to contest the amount of the award to the owners of both of these parcels on the theory that the award was for lands incumbered by a street easement, and should therefore be but nominal, notwithstanding the fact that the awards have been confirmed on motion of the city of New York.

Passing over the fact that the only question presented upon this appeal arises between the owners of parcels Nos. 84 and 85, and assuming that the city has a right at any stage of the proceeding to bring into question the justice of an award, we are of the opinion that the facts in this case do not bring it within the rule of the case relied upon from the fact that neither of the owners of the parcels involved in this proceeding, nor any one else so far as the record shows, has any street easement in the premises. It is undoubtedly true, as urged by the learned corporation counsel, that "one of the most common forms of granting private easements over streets is by filing a map and then selling with reference to such map," but this does not concede that a mere reference to a map, not made by the grantor, for a boundary line, is a selling with reference to such map. Prior to 1884 damage parcels 84 and 85, together with the surrounding territory to the extent of about twenty-five acres, were owned by James W. Gerard and others, from whom Joseph Wild & Co., the appellant, and George E. Payne, derived title to the premises adjoining these damage parcels. Subsequently Payne sold his interest in the said property to Ida J. Everett, taking back a lease of the same for a period of five years, with a five-year extension clause, both of which have expired. The contention of the city of New York is that by the conveyances from Gerard to Wild & Co. and Payne easements were created in the damage parcels involved in this appeal, and that the commissioners proceeded upon an erroneous theory in awarding damages for the land as being free from such easements. The damage parcels are located in what is to be known as Van Alst avenue, and the several deeds under which

Wild & Co. took title (for there were several of them) are identical in language and legal effect, in so far as they relate to the question here under discussion. They convey:

"All the equal undivided three-fourth parts of all that certain piece * * * beginning at a point formed by the junction of the southwesterly line of Dey street, with the southeasterly line of Hopkins avenue and running thence in a southeasterly direction four hundred and seventy-nine (479) feet, one and one-half (1½) inches along the southwesterly line of said Dey street to the northwesterly line of Van Alst avenue, and running thence in a southwesterly direction two hundred (200) feet, six and three quarter (6¾) inches along the northwesterly line of said Van Alst avenue to the northeasterly line of Orange street and running thence in a northwesterly direction four hundred and forty-one (441) feet, nine and one quarter (9¼) inches along the northeasterly line of said Orange street to the southeasterly line of said Hopkins avenue and running thence in a northeasterly direction, two hundred and one (201) feet, three (3) inches along the southeasterly line of said Hopkins avenue to the point or place of beginning, be the said several dimensions more or less; the said streets above named being streets projected or laid down on the Map or Plan of Long Island City. Together with a right of way as now existing through adjoining property of said parties of the first part until said Hopkins avenue or Van Alst avenue or other streets leading or giving access to said premises are opened by the municipal authorities of said city."

Undoubtedly the language of this and the other deeds to Wild & Co. excluded Van Alst avenue. No one seriously contends that there was ever any intention on the part of Gerard to convey any part of the fee of Van Alst avenue, and the question presented, so far as the city of New York is concerned, is whether this language conveyed an easement for street purposes in such avenue. If it did, why was the provision made:

"Together with a right of way as now existing through adjoining property of said parties of the first part until said Hopkins avenue or Van Alst avenue or other streets leading or giving access to said premises are opened by the municipal authorities of said city?"

If there was any easement whatever impliedly granted, it was an easement as a street, as distinguished from a mere right of way; as between the grantor and grantee Van Alst avenue was dedicated as a street, and the grantee was entitled to have the same opened for use, as shown on the map, and to have it kept open and free from obstructions, the same as though it were in fact a public highway. Taylor v. Hopper, 62 N. Y. 649, and authorities cited. But both by the construction placed upon the deed by the parties and by its language there was no present use to be made of Van Alst avenue. A right of way, as then established, was granted to Wild & Co., "until said Hopkins avenue or Van Alst avenue or other streets leading or giving access to said premises are opened," etc.; and it appears from the record that Wild & Co. made no use whatever of Van Alst avenue as a street up to the time that the city of New York took title to the premises, but, on the contrary, maintained a reservoir for the purpose of supplying their factory with water within the limits of such avenue, to the exclusion of any street use. If there was a grant of an easement in Van Alst avenue at all, it must have passed to the grantee upon the execution and delivery of the deed, but the language of the

deed does not provide for any use of that avenue until it is opened by the municipal authorities, and in the meantime it is provided that the grantee shall have a use of a private way. For more than 20 years Wild & Co. have occupied the granted premises without asserting any right to make use of Van Alst avenue as a street, and it is hardly within the province of the city of New York to claim such an interest in Wild & Co. at this day. The reference to Van Alst avenue in the deed was merely for the purposes of the description, not to convey an easement, and the case is well within the rule asserted in Matter of Brook Avenue, 40 App. Div. 519, 58 N. Y. Supp. 163, affirmed, on opinion below, 161 N. Y. 622, 55 N. E. 1093.

We come then to the contentions of Joseph Wild & Co., the appellant. This company, although making no claim to any interest in parcel 84, yet contends that the award in that case is too high, and that the awards as to parcels 84 and 85 should not have been made subject to a leasehold interest of George E. Payne, valued at $2,500. We are unable to discover that the appellant has any interest in the matter so far as parcel 84 is concerned. No claim was made to any interest in such parcel by the company, and the fact that the award may be too high in one case does not give the appellant any greater rights in the premises in which it claims an interest. And, if the appellant has, in fact, no interest in parcel 85, it is not in a position to contest the question of whether the award was properly made subject to leasehold rights. Ida Everett is concededly the owner of parcel 84, together with the abutting premises, and she is not here complaining of the award as being subject to such leasehold interest, and the only question to be determined, it seems to us, is whether the appellant has any interest in parcel 85 comprising a portion of Van Alst avenue adjoining its premises. We think it is entirely clear that George E. Payne did not take any interest in parcel 85 through his deed from Gerard and others in June, 1898, for the language of the deed is not capable of any such construction; the general language, "it being intended in the above descriptions to cover, and to hereby convey, all the portions of said tract, the title to which is now vested in the parties of the first part," clearly relates to the descriptions of the premises laid out in blocks, the detailed measurements not being guaranteed, and not to a distinct parcel of land entirely disconnected with the same.

As we have already pointed out, the deeds from Gerard to the appellants did not convey any street easements. If not street easements, then there were no others, for it was only upon the theory of the premises being bounded on a street that any easement whatever could be spelled out, and this the appellant has negatived by its own use of the premises without claiming any rights of this character for a quarter of a century. The evidence in support of title by adverse possession is wholly insufficient. The most that can be said of its use of the premises is that it has been permitted by the owner to make use of the water naturally gathered upon the premises for the purposes of its factory under an implied license, which the owner might have terminated at any time.

But the appellant claims that, if it has no title by prescription, it at least has easements of light, air, and access; easements that these parcels of land will be left open for street purposes; easements in gross in the nature of a profit a prendre by virtue of having taken water thereof for over 20 years by sinking wells and laying pipes thereon; easements acquired by adverse possession for over 20 years of same. We are unable to agree with contention of counsel in respect to these matters for reasons already pointed out. The appellant, so far as we are able to discover, got all that it purchased under its deeds when put into possession of the premises with a right of way to continue until a street affording access was opened. No provision of the deed attempted to give any rights in Van Alst avenue. If Hopkins avenue or any other street was opened to give access to the premises, then the private right of way terminated, and the whole situation compels the conclusion that the appellant took no rights in Van Alst avenue, except perhaps that there was an implied covenant that, if Van Alst avenue should be opened in the future, the appellant's lands should abut on such avenue. Matter of Brook Avenue, supra. Because the appellant may have been permitted to make use of the water accumulated upon the parcel in question by the use of simple contrivances, and may have been permitted to make some slight improvements for the purpose of increasing the supply of water, did not amount to an adverse holding of easements such as would warrant the assumption of an original grant, and especially where the original grant negatives the existence of such easements.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.