of the surrogate should therefore be reversed, with costs to the appellant, and the first appraiser's report, fixing the value of the stock at $125.72 per share, affirmed, and the appraisal of the property fixed at that sum.

---

In re VAN ALST AVE. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. April 24, 1914.) In the matter of the application of the City of New York relative to acquiring title, etc., for opening and extending of Van Alst Avenue, etc. No opinion. Motion granted, without costs. See, also, 143 App. Div. 564, 128 N. Y. Supp. 371.

---

VICTORIA SAND CO., Appellant, v. EMPIRE LIMESTONE CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 20, 1914.) Action by the Victoria Sand Company against the Empire Limestone Company.

PER CURIAM. Judgment and order affirmed with costs. Held: (1) That the damages awarded upon the plaintiff's second cause of action are not shown to be inadequate, even if the jury found the contract to be as therein alleged; it appearing that there was an available market for the undelivered sand, and no proof that as much could not be realized therefor in the market as the contract price. (2) That a sufficient consideration was shown to support the contract set forth in the defendant's counterclaim.

---

VILLA PARK ASS'N OF GREAT NECK v. TOWN OF NORTH HEMPSTEAD et al. (Supreme Court, Appellate Division, Second Department. May 8, 1914.) Action by Villa Park Association of Great Neck against the Town of North Hempstead and others. For former opinion, see 146 N. Y. Supp. 1047.

PER CURIAM. The application to resettle the order entered in this action is denied. Although the title of the action is "Villa Park Association of Great Neck, on Behalf of Itself and All Others Similarly Situated," no one has intervened and asked to be made a party plaintiff, nor is there any evidence as to the identity of persons claiming to be similarly situated with plaintiff. In the memorandum submitted on the motion to resettle the order, counsel state that the town board have no power to cancel the tax, but that this must be done by the board of supervisors. They are not parties to this action. They cannot be required to act by any judgment made herein either to cancel the tax or to refund the money paid. If they were such parties, there is no proof before us as to the sums paid, by whom paid, or whether such payments were voluntarily made or otherwise. If, because of the failure to make the board of supervisors parties to this action, the relief awarded to plaintiff is incomplete, this can only be remedied by a direct proceeding against the officials whose action is necessarily required.

---

In re VOGEL. (Supreme Court, Appellate Division, First Department. February 27, 1914.) Charges against Abraham Vogel, an attorney, by the New York County Lawyers' Association. Proceeding dismissed. Mason Trowbridge, of New York City, for petitioner. Abraham Vogel, of New York City, in pro. per.

PER CURIAM. It is quite apparent, from the answer interposed by the respondent and the affidavit of the plaintiff in the action, which was settled, that a further prosecution of this proceeding would not be advisable. There is no evidence that the respondent intended to defraud the attorney of record in the action, or that he was defrauded. The respondent seems to have acted at the request of the plaintiff having the claim for damages. He did not act as the attorney that had prosecuted the action, but assisted in bringing about a settlement. The payment made to him was with the knowledge of the plaintiff in the action, and for the services that he had rendered outside of the employment of the plaintiff's attorney, and the plaintiff's attorney of record actually received the compensation to which he was entitled under the contract with the plaintiff. The proceedings are therefore dismissed.

---

VOGEL, Appellant, v. WOLFF, Respondent. (Supreme Court, Appellate Division, First Department. March 27, 1914.) Action by H. G. Vogel against Harris Wolff. D. Bernstein, of New York City, for appellant. C. Goldzier, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

VOM HOFE, Respondent, v. VOM HOFE, Appellant. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Minnie Vom Hofe against Richard Vom Hofe. D. J. Gladstone, of New York City, for appellant. W. D. Cameron, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

WAGER v. COHEN. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Blatchford F. Wager against Maurice Cohen. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

---

WAGER v. COHEN. (Supreme Court, Appellate Division, First Department. May 8, 1914.) Action by Jessie M. Wager against Maurice Cohen. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

---

WAHL, Respondent, v. CRONIN et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 1, 1914.) Action by Elizabeth Wahl against Charles G. Cronin and others.

PER CURIAM. Judgment and order unanimously affirmed, with costs. The verdict of the jury as to the condition of the stairway, and prior notice thereof to the janitor of the building, is supported by testimony the credibility of which was for the jury. In view of plaintiff's injuries, and the reduction of the verdict directed by the trial justice, it cannot be held that the judgment is excessive or unreasonable.