In re VAN ALST AVENUE IN CITY OF NEW YORK, BOROUGH OF QUEENS.

(Supreme Court, Appellate Division, Second Department.  March 20, 1914.)

EMINENT DOMAIN (§ 243*)—JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.
    Where the question whether land burdened with easements was entitled to more than a nominal award was determined against the city in a former proceeding, its contention that a damage parcel so burdened should receive only a nominal award could not be considered in a subsequent proceeding.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 551, 627–629, 700; Dec. Dig. § 243.*]

Appeal from Special Term, Queens County.

Application of the City of New York relative to acquiring title, etc., for opening and extending Van Alst Avenue from Nott Avenue to Hoyt Avenue, etc., Borough of Queens, City of New York. Report of the referee confirmed, and Joseph Wild & Co. and others appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Clarence Edwards, of Elmhurst, for appellant Payne.

Arthur C. Bostwick, of New York City, for appellants Joseph Wild & Co.

Nathan A. Smyth, of New York City,. for petitioners Gerard and others.

John J. Kearney, of New York City (Joel J. Squier, of New York City, on the brief), for the City of New York.

PER CURIAM.  The city's contention that damage parcel No. 85 had been burdened with easements of light and air, and therefore should receive only a nominal award, cannot now be considered.  That ground was presented upon the former condemnation proceedings, both here (143 App. Div. 564, 128 N. Y. Supp. 371) and in the Court of Appeals (203 N. Y. 570, 96 N. E. 1133).  The question of easements burdening the land condemned, having been determined against the city, cannot be reopened upon the present record.

A further review of the testimony confirms the conclusion of the learned referee that a title in Messrs. Wild & Co. by adverse possession is not established.

The rights of Payne under the conveyance of 1898, upon the record as made in the condemnation proceedings, are not materially changed by the present evidence as to the negotiations leading up to that sale. With some transposition of clauses, the selling contract closely follows the terms of the deed.  The words "all portions of said tract" are not to be read alone.  Such a general expression of purpose or intent ordinarily does not have the broad scope to embrace and grant a separate and distinct subject-matter, but the language is rather to be taken as evidence of an intent to pass some incidental right or appurtenant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest. Such a purpose is certainly the more reasonable one to be applied to general expressions, where the existence of such a separate parcel was not then realized by either party to the conveyance. The further proofs, and the able argument in support of the claimant Payne, do not lead us to a different view from that expressed in the former opinion in the condemnation proceedings.

The order of the Special Term confirming the referee's report is therefore affirmed, with $10 costs and disbursements to the respondents.