·In re WEST 172D ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 11, 1916.)

1. DEDICATION ⬤➡15—MODES—INTENT.

A dedication may be established by written or oral declarations, or by the acts of the parties holding the title; but in any event it must appear that the parties intended to dedicate the land.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 13; Dec. Dig. ⬤➡15.]

2. DEDICATION ⬤➡15—WHAT CONSTITUTES—EVIDENCE.

A street which a city subsequently sought to open had been previously laid out on a map of private property, but the fee to it had never been acquired by the city. Before the city sought to condemn, appellant acquired the property, with the understanding that the whole tract, including a 10-foot strip, should be conveyed. The conveyance, which was made to a dummy, referred to the map previously recorded. Appellant objecting, the owners conveyed directly to it all their rights and interest in a 10-foot strip, which it was claimed was part of the street laid out on the private map. Subsequently appellant conveyed both parcels to another, thereafter receiving a reconveyance of the 10-foot strip. *Held,* that there was no intention to dedicate, and therefore, the strip not being burdened with a street easement, actual damages must be awarded.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. § 13; Dec. Dig. ⬤➡15.]

Appeal from Special Term, New York County.

In the matter of the application of the City of New York to acquire lands for the opening of a street. From so much of an order as sustained objections to confirmation of report of commissioners of estimate and assessment, and directed return of such report for correction, the landowner appeals. Order reversed, and motion to confirm the report granted.

See, also, 167 App. Div. 807, 153 N. Y. Supp. 128:

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

I. E. Bermant, of New York City, for appellant.

Joel J. Squier, of New York City, for respondent.

McLAUGHLIN, J. On the 17th of December, 1895, the commissioner of street improvements, under the authority conferred by chapter 545 of the Laws of 1890, filed in the office of the register of the county of New York, a map showing the location, width, grade, and class of streets laid out and adopted for the Twenty-Third and Twenty-Fourth wards of the city of New York. One of these streets was West 172d street, which, as laid out on the map, embraced Walnut street, socalled, 50 feet in width, and also adjacent land on the south side to a depth of 10 feet. Walnut street had been previously laid out on a map of private property, but the fee to it had never been acquired by the city. In April, 1905, a tract of land comprising what is designated in the record as block 2858, which was bounded on the north by Walnut street and included the 10-foot strip above referred to in West 172d street, was owned by Edward L. Woolf and others. By a deed dated April 18, 1905, recorded May 5, 1905, Woolf and his associates conveyed this tract, exclusive of the 10-foot strip, to one Koenigsberger. The deed specifically referred to the map filed by the commissioner of street improvements in 1895, and one side of the land conveyed was bounded by the south side of West 172d street, as laid out on said map. Koenigsberger gave to his grantors, by the same description contained in the deed, a purchase-money mortgage for $105,000, which was made and recorded on the same dates as the deed. On the same day, subject to the mortgage, Koenigsberger conveyed such land to the appellant herein. By a deed dated May 10, 1905, and recorded May 15, 1905, Woolf and his associates conveyed to the appellant "all their right, title, and interest" in the 10-foot strip to which reference has been made. The appellant, on the 24th of December, 1907, conveyed both of these parcels to the Leicester Realty Company, and on the 5th of February, 1906, the 10-foot strip was reconveyed to the appellant. Some time thereafter Woolf and his associates foreclosed their mortgage, and at the foreclosure sale Woolf purchased the land. On the 1st of April, 1913, the city acquired the fee to West 172d street as laid out on the map filed by the commissioner of street improvements in 1895. At this time the appellant owned the fee to the 10-foot strip of land included in the new street, and Woolf was the owner of the land purchased by him at the foreclosure sale.

In the proceedings instituted by the city for the purpose of ac-

quiring the title to the 10-foot strip, two separate damage numbers, 2 and 2a, were given to it; the latter designating a portion of the parcel subject to a subsurface sewer easement. After proceedings had before them, the commissioners of estimate and assessment filed a report awarding the appellant damages in the sum of $5,541.58—$4,-252.50 for parcel damage 2, and $1,289.08 for parcel 2a. The respondent opposed the confirmation of the report awarding these damages, on the ground, among others, that the two parcels in question were burdened with street easements, and for that reason only nominal awards should have been made. The learned justice at Special Term was of the opinion that the description of the land contained in the deed from Woolf and his associates to Koenigsberger indicated an intention on the part of the former to dedicate the 10-foot strip to the public, and only a nominal award of damages should have been made to the owner. He refused to confirm the report of the commissioners, in so far as the same awarded damages to the appellant, and sent the matter back for revision and correction. It is from this order the appeal is taken.

[1, 2] I am of the opinion the order, in so far as appealed from, should be reversed, and the motion to confirm the report granted. The record does not disclose any evidence that Woolf and his associates intended to dedicate the fee of the 10-foot strip to the public, or that the city ever acted upon the assumption that such dedication had been made. A dedication may be established by written or oral declarations, or by the acts of the parties holding the title. Flack v. Village of Green Island, 122 N. Y. 107, 25 N. E. 267; Holdane v. Trustees of the Village of Cold Spring, 21 N. Y. 474. But in either case, before the conclusion can be reached that there has been an actual dedication, it must appear that such was the intent of the parties to the grant, and in determining whether such were the intent the court will always take into consideration the condition of the land, the situation of the parties, and the circumstances attending the transaction. Matter of Brook Avenue, 40 App. Div. 519, 58 N. Y. Supp. 163, affirmed on opinion below 161 N. Y. 622, 55 N. E. 1093.

Applying this rule to the question here under consideration, it at once becomes apparent, as it seems to me, there never was an intent on the part of any of the owners of the 10-foot strip to dedicate it to the public. The fact does not seem to be contradicted—and, if so, the evidence clearly shows—that in so far as Koenigsberger was connected with the conveyance to him he was a dummy for the Fleischmann Realty Company, Incorporated, the appellant; that such company desired to purchase the property for the purpose of erecting buildings thereon, and prior to its purchase looked over the property and was informed by the owners that the sale would include the whole tract owned by them; that the contract of sale was entered into with this understanding, and the consideration agreed to be paid was $125,-000. Shortly before the contract was closed by the execution and delivery of the deed to Koenigsberger, the appellant objected to the description of the property as contained in the contract of sale and in the proposed deed to him. The objection was based upon the fact

that the description did not include the 10-foot strip, and for that reason the Realty Company refused to take the title. Negotiations were then entered into between Woolf and his associates and the Realty Company, having for its object the acquisition of the title to such strip. Such negotiations finally culminated in an agreement on the part of Woolf and his associates to convey the strip to the Realty Company for the consideration of $2,500. The conveyance to Koenigsberger was then made and subsequently the conveyance of the strip to the Realty Company, when the $2,500 was paid.

These facts indicate, as clearly as anything can, that there was no intention on the part of any of the parties concerned in the transaction to dedicate this strip to the public. If this conclusion be correct, then the Realty Company was the owner of the strip and the city could only acquire the title by paying therefor. The award made by the commissioners was justified by the evidence, cannot be said to be excessive, and their report should have been affirmed.

The order, in so far as appealed from, is therefore reversed, with $10 costs and disbursements and the motion to confirm the report granted, with $10 costs. All concur.