Peter M. Daly, J.
This is an action for declaratory and injunctive relief with respect to that portion of a dead-end street *717 known as De Long Street in Flushing, north of the northerly side of 41st Avenue for a distance of approximately 100 feet to the land of the Long Island Bail Boad.
The complaint contains two causes of action. The theory upon which plaintiff proceeds on its first cause of action is that De Long Street is a public street and that obstruction of the northerly portion of it by defendant was in direct violation of the rights of the public and the plaintiff to the use of said street. In its second cause of action plaintiff alleges that in the deed to it defendant “ expressly undertook to permit De Long Street at 41st Avenue to remain open until said street was properly demapped pursuant to law and regulation ’ ’ • that the street had not been demapped, and that the act of defendant in obstructing it was accordingly in direct violation of her undertaking.
The facts, as the court finds them, are in substance as follows: By deed, dated June 1, 1953 and duly recorded on June 8, 1953, defendant conveyed to plaintiff an improved parcel of real property, the improvements thereon consisting mainly of two one-story concrete buildings. In order to obtain a certificate of occupancy for one of those buildings, which certificate defendant had undertaken to deliver, she had to file plans showing two proper exits on a public street. One of those exits abuts De Long Street on its northwesterly end. Prior to the delivery of the deed defendant had also submitted plans for the paving of a sidewalk adjacent to that exit and running along the easterly side of plaintiff’s building. After plaintiff went into possession it completed the paving of that sidewalk pursuant to said plans.
The block and lot description of the property conveyed, both in the contract of sale and the deed, was made with reference to a map filed in the County Clerk’s office in Queens County which showed De Long (then Third) Street as a street; and reference to that street was also made in the metes and bounds description in both instruments. De Long Street also appears as such on the official topographical map of the City of New York and the official tax maps.
In the deed defendant expressly reserved an easement of ingress and egress over De Long Street to the railroad siding (or any substitute) bounding the conveyed property on the north, such easement to be used for the special purpose therein set forth. For its part the grantee agreed as follows: “ The grantee, its successors and assigns, by affixing its signature to this deed, hereby assumes any and all obligations to comply with and agrees to execute any papers, documents, agreements and consents, etc. necessary to de-map and close De Long Street between the northerly side of 41st Avenue and the Long Island *718 Railroad Company tracks in Flushing, Long Island, New York, as the same is now laid out on the City map of the City of New York, providing any owner, lessee or occupant of the land immediately adjoining the property herein conveyed on the east thereof proceeds or requests the de-mapping or closing of that part of De Long Street, Flushing, Long Island, herein referred to.”
At the time of the execution of the contract between defendant and plaintiff’s assignors defendant granted them the option of purchasing, at $1.50 a square foot, approximately 34,000 square feet of land, which included that portion of De Long Street which forms the subject of this controversy; or, in the alternative, the option of purchasing 6,000 square feet of said 34,000 square feet, which lesser parcel also included said portion of De Long Street. The option, however, was never exercised.
On or about May 26,1957 defendant erected posts and a chain blocking off De Long Street at 41st Avenue; not, however, the sidewalk hereinabove referred to. Plaintiff, by letter dated May 29, 1957, notified defendant that the obstruction in what it understood to be a “ mapped public street ’ ’ prevented it from properly using the property formerly conveyed and that if the obstruction were not removed ‘ ‘ over said public road ’ ’ plaintiff would be obliged to relocate it in order to gain proper access to its property. By wire dated June 3, 1957, plaintiff was advised, in substance, that the property plaintiff previously had an option to buy was now for sale at $2.25 a foot, that the street had never been dedicated and that plaintiff would be liable for damages incurred by defendant if plaintiff’s actions prejudiced the sale.
This action followed.
The second cause of action is dismissed. Nowhere in the instrument of conveyance is there an undertaking by defendant, express or implied, to permit De Long Street at 41st Avenue to remain open until that street was properly demapped pursuant to law and regulations, ■ as plaintiff alleged. The court is, therefore, concerned solely with plaintiff’s first cause of action.
Little or no problem is presented by plaintiff’s contention that the portion of De Long Street which forms the basis of this controversy is a public street. Clearly, it is not. Public highways may be created by statutory proceedings, prescription or dedication and express or implied acceptance (City of Cohoes v. Delaware & Hudson Canal Co., 134 N. Y. 397, 402) and the proof utterly fails to satisfy any of those requirements as to De Long Street. Statutory proceedings there were none. Use of the entrance at the northwesterly end of De Long Street and *719 the occasional delivery by truck and parking of cars on the street itself are totally inadequate to make De Long Street a public street. To do so “ the user must be like that of highways in general and the road must not only be traveled upon but it must be kept in repair, taken in charge and adopted by the public authorities.” (Johnson v. City of Niagara Falls, 230 N. Y. 77, 83; Smith v. Smythe, 197 N. Y. 457, 461.) The appearance of De Long Street as a street on the several maps adverted to above is also insufficient to make said street a public one. (Matter of City of New York [E. 177th St.], 239 N. Y. 119; Johnson v. City of Niagara Falls, supra.)
The troublesome question presented is whether plaintiff has an easement in De Long Street by virtue of the description in the deed under which the abutting property was conveyed to it. The general rule is that “ the owner of a tract who lays out streets upon a map and sells the subdivided lots with reference thereto, may be found by implication to have created private easements in favor of the lot owners upon the streets thus declared to be created for their use * * *. Even so, the question is one of intention, to be answered, like questions of intention generally, in the light of all the circumstances * * * ‘ Whether a grant of an easement arises from implication in a grant of real estate, depends upon the intent of the parties to the grant; and in construing the grant the court will take into consideration the circumstances attending the transaction, the particular situation of the parties, the state of the country and the state of the thing granted, for the purpose of ascertaining the intention of the parties ’ * * *. A reference to a street or avenue may in one set of circumstances amount to the creation of an easement, and in another may have no other object than description or location.” (Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 147-148 [emphasis supplied]; Matter of Brook Ave., 40 App. Div. 519, 522, affd. on opinion below 161 N. Y. 622; Collins v. Barker, 286 App. Div. 349, 356.)
Of course, the intention to grant an easement may be expressly negatived. (Matter of City of New York [Avenue “ D ”], 200 N. Y. 536, 541.) Since no such express intention appears in the case at bar, consideration must be given to the circumstances attending the transaction and the particular situation of the parties. The deed, it is true, makes reference to a map upon which De Long Street was shown as a street and the property was conveyed by reference to that map. But the very survey given in connection with the search and insurance of title obtained by plaintiff had inscribed thereon that De Long Street was “ Not open or in use ”. The street itself had never been *720 opened or worked, indeed, the concrete foundation of a building formerly occupied by defendant was, and remains, in the bed of that street. In the deed itself plaintiff agreed to execute the necessary papers to effect the demapping of said street upon proper application and request. And, finally, an option to purchase land which included the bed of De Long Street at $1.50 a foot was given to plaintiff’s assignors. Are we to give to the last two factors nothing but their face effect, as plaintiff urges, or are they not indicative of an intention that plaintiff was to have no rights in De Long Street except such as could be obtained by exercising the option? The court believes the latter alternative to be the more reasonable one and accordingly adopts it. Collins v. Barker (286 App. Div. 349, supra), heavily relied upon by plaintiff, is plainly distinguishable, at least upon the basis of the very facts noted in this paragraph.
Other means of access to De Long Street and 41st Avenue are available to plaintiff. And as to the exit on the northwesterly end of De Long Street, the architect called by plaintiff testified that it did not have to be located there and could just as well be located elsewhere. In any event the circumstances surrounding the location of that exit in no way negate the intention that plaintiff was to acquire no rights in De Long Street under the deed.
In sum, it is the opinion of this court that under all of the circumstances of this case conveyance of the property by reference to the map on which De Long Street appeared as a street did not amount to the creation of an easement in favor of the plaintiff, but had “no other object than description or location.” (Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 148, supra.)
Judgment is accordingly granted in favor of the defendant dismissing the complaint on the merits.
This constitutes the decision of thé court pursuant to section 440 of the Civil Practice Act.
Submit judgment.