■ In the Matter of CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by 14th Street and Other Streets for a Project to be Known as North Queensview Homes, Inc., in the Borough of Queens. VAN HILL REALTY CO., INC., et al., Appellants.— In a condemnation proceeding, claimants Van Hill Realty Co., Inc., and Kerman Realty Co., Inc., appeal severally from so much of the final decree of the Supreme Court, Queens County, entered July 27, 1961 upon the court's decision after a nonjury trial, as awarded $1,749.50 to claimant Van Hill for its easement rights (in and to Orange Street) inherent in its ownership of the dominant estate it possessed in abutting Damage Parcel 3A; and as awarded $8,249.50 to claimant Kerman for its easement rights (in and to Dey Street) inherent in its ownership of the dominant estate it possessed in abutting Damage Parcel 12A. Both Orange Street and Dey Street were so-called "paper" or private streets. Claimants contend that the awards are inadequate. Decree, insofar as appealed from

and insofar as it makes an award to claimants for Damage Parcels 3A and 12A, reversed on the law and on the facts, with costs to claimants; and the matter remitted to the Special Term for the hearing of condemnation proceedings for the ascertainment of appropriate consequential damages to the claimants and for further proceedings not inconsistent herewith. In our opinion, the respective awards of $1,749.50 and $8,249.50 were inadequate. Properly implicit in these awards is the principle, followed by the learned trial court, that when a private street easement is destroyed by condemnation the diminution in value of the dominant estate may exceed the value of the servient estate considered as an unencumbered fee, and that the easement enjoyed by the abutting property owner and destroyed by the taking of the street must be valued with reference to the consequential damages suffered by his dominant estate (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212, 222–223; *Matter of City of New York* [*Public Beach*], 269 N. Y. 64, 68–69; *Matter of City of New York* [*Exterior St.*], 285 N. Y. 455, 460; *Rasch* v. *Nassau Elec. R. R. Co.*, 198 N. Y. 385, 389; 1 Orgel, Valuation Under Eminent Domain, § 111, p. 476). However, in the absence of factual findings, or an expression of the method employed in computation, with respect to the values the learned trial court followed in reaching his results, we discern no basis on which it may be said that the court's computation of the respective awards made is supported by the "evidence at hand" (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 433; *Matter of City of New York* [*Clearview Expressway*], 9 N Y 2d 439, 441). We are also of the opinion that the determination in *Matter of City of New York* ([*Van Alst Avenue*], 143 App. Div. 564, affd. 203 N. Y. 570) did not, as the city contends, pass upon easement rights of claimants' predecessors in title in and to Orange and Dey Streets, the streets here involved, but had reference to easement rights in and to Van Alst Avenue only. It follows that the order, insofar as appealed from, should be reversed and that a further hearing should be held for the purpose of: (a) adducing all the available proof, pro and con, as to the claimants' consequential damages based upon the diminution in total value of their abutting parcels which resulted from the taking of their street easements; (b) rendering a determination upon such proof; and (c) making appropriate findings in support of the determination which may be made. As the record now stands, the city, by virtue of its erroneous approach to this proceeding, failed to cross-examine on, or to contest, the items of the claimed consequential damages; it took the mistaken position that the same were not compensable. Under the circumstances, it is our opinion that the city is entitled to a further opportunity to rebut the evidence which may be offered on the new hearing by the claimants with respect to their consequential damages. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.